**PROSKAUER ROSE LLP**
Elise M. Bloom, Esq.
Michelle A. Annese, Esq.
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
ebloom@proskauer.com
mannese@proskauer.com

Lexie R. Reynolds, Esq.
One International Place
Boston, MA 02110
Tel: 617.526.9600
Fax: 617.526.9899
areynolds@proskauer.com

*Attorneys for Defendant National Recording Academy*
*of Recording Arts & Sciences, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

JAA DOE,

                      Plaintiff,

        -against-

NEIL PORTNOW; NATIONAL ACADEMY OF
RECORDING ARTS & SCIENCES, INC.; and
DOES 1-5 whose identities are unknown to
Plaintiff,

                    Defendants.

------------------------------------------------------------x

___ Civ. _____

**NOTICE OF REMOVAL UNDER**
**28 U.S.C. § 1441**
(Diversity Jurisdiction – 28 U.S.C. § 1332)

(Supreme Court of the State of New York,
County of New York; Index No.
952242/2023)

To:    The Honorable Judges of the United States District
       Court for the Southern District of New York:

       **PLEASE TAKE NOTICE** that Defendant National Academy of Recording Arts &

Sciences, Inc. ("Defendant" or "the Recording Academy"), by and through its undersigned

counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446

("Notice of Removal") that Defendant removes the claims pending in the above-captioned action

(the "State Court Action"), which was originally commenced in the Supreme Court of New

York, County of New York, Index No. 952242/2023, and now states:

## I.    THE REMOVED STATE COURT ACTION

1.      On or about November 8, 2023, Plaintiff JAA Doe ("Plaintiff" or "Doe") filed a

Summons with Notice in the State Court Action with an Ex Parte Affirmation In Support for an

Order to Show Cause for Leave to File a Civil Action Using a Pseudonym.  A proposed

Summons and Complaint was attached to the Ex Parte Affirmation.  Plaintiff additionally filed a

Proposed Order to Show Cause for Leave to File a Civil Action Using a Pseudonym as well as a

Request for Judicial Intervention.  A true and correct copy of the Summons with Notice is

attached as **Exhibit A**, a true and correct copy of the Ex Parte Affirmation and the attachments

thereto are attached as **Exhibit B**, a true and correct copy of the Proposed Order to Show Cause

is attached hereto **Exhibit C**, and a true and correct copy of the Request for Judicial

Intervention is attached hereto as **Exhibit D**.

2.      On December 1, 2023, the Court issued an Order to Show Cause in connection

with Plaintiff's motion to file a civil action using a pseudonym and set a return date of December

21, 2023 on that motion.  A true and correct copy of the Order to Show Cause is attached as

**Exhibit E**.

3.      On or about December 1, 2023, Plaintiff caused to be served the following on

Defendant: (1) Summons with Notice; (2) Ex Parte Affirmation In Support for an Order to Show

Cause for Leave to File a Civil Action Using a Pseudonym which attached a Summons and the

Complaint, (3) a proposed Order to Show Cause to maintain the caption with a pseudonym; (4) a

Request for Judicial Intervention; and (5) an Order to Show Cause for Leave to Maintain the Caption with a Pseudonym.  The package served upon Defendant, which included the Summons with Notice, the Ex Parte Affirmation and attached proposed Summons and Complaint, the proposed Order to Show Cause, the Request for Judicial Intervention, and the Order to Show Cause are attached as **Exhibit F**.  On December 6, 2023, Plaintiff filed an Affirmation as to this service, a true and correct copy of which is attached as **Exhibit G**.

4.      Plaintiff did not, however, serve the Summons and Complaint upon Defendant nor did she file the Complaint on the docket.

5.      On December 6, 2023, Plaintiff filed a Statement of Authorization for Electronic Filing, a true and correct copy of which is attached as **Exhibit H**.

6.      On December 18, 2023, Defendant agreed to accept service of the Summons and Complaint (the "State Court Action").  On December 19, 2023, Plaintiff filed the Acceptance of Service form on the docket, a true and correct copy of which is attached as **Exhibit I**.

7.      On December 19, 2023, Plaintiff filed a Joint Stipulation Extending Time for Defendant to answer, move, or otherwise respond to the Summons & Complaint by January 29, 2024.  A true and correct copy of the Stipulation is attached as **Exhibit J**.

8.      On December 21, 2023, Defendant filed Notices of Appearance and a Demand for Complaint to Plaintiff to file the complaint on the docket.  A true and correct copy of the Demand is attached as **Exhibit K** and true and correct copies of the Notices of Appearance are attached hereto as **Exhibit L**.

9.      On January 3, 2024, Plaintiff filed the Complaint on the docket.  A copy of the Complaint is attached as **Exhibit M**.

10.      On January 4, 2024, Honorable Dakota D. Ramseur issued a Decision and Order on the Order to Show Cause, granting the plaintiff's unopposed motion to proceed in the case anonymously by using a pseudonym in publicly filed documents.  A true and correct copy of the Decision and Order is attached as **Exhibit N**.  On January 10, 2024, Plaintiff filed a notice of entry of the Decision and Order on the Order to Show Cause, a true and correct copy of which is attached as **Exhibit O**.

11.      No other process, pleadings, or orders have been filed in this matter, and no other proceedings have occurred in the Supreme Court of New York, County of New York,  No. 952242/2023.

## II.      **GROUNDS FOR REMOVAL**

12.      28 U.S.C. § 1332 provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (a) citizens of different States . . . ."

13.      This Court has original jurisdiction over the Action based on diversity jurisdiction because there is complete diversity between the parties and the matter in controversy in this case exceeds $75,000.00.  As such, removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

### A.  **Diversity of Citizenship.**

14.      This Action is removable because there is complete citizenship for purposes of federal jurisdiction and, thus, the requirements of 28 U.S.C. § 1332 are satisfied.

15.      As alleged in the Complaint, Plaintiff resides and, upon information and belief, is domiciled, in the State of New York.  (*See* **Exhibit M** ¶ 12.)  Upon information and belief, Plaintiff is a citizen of South Korea.

4

16.     No defendant is a citizen of the State of New York, and no defendant is domiciled in New York.

17.     For purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

18.     "A corporation's principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.' In practice, this should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the nerve center.'" *OneWest Bank N.N. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).

19.     For purposes of removal, a corporation can only have one nerve center and it is the location where the "lion's share of corporate decision making and direction" takes place. *See e.g.*, *Derrica v. Tura, Inc.*, No. 21-CV-8820 (VSB), 2022 WL 1421452, at *3 (S.D.N.Y. May 5, 2022) (defendant's "nerve center" was Muncy, Pennsylvania office where the VP of Operations, CFO, Corporate Secretary, and Treasurer conducted the "lion's share of corporate decision making and direction" and New York office only had the design and marketing team); *Zurich Am. Life Ins. Co. v. Nagel*, No. 20-CV-11091 (JSR), 2021 WL 3077861 (S.D.N.Y. July 20, 2021) (finding company's "nerve center" was office where President and CEO, General Counsel, Chief Investment Officer, Chief Actuary, and Chief Risk Officer worked); *see also Bartlett v. Honeywell Int'l, Inc.*, 737 F. App'x 543 (2d Cir. 2018) (finding New Jersey is defendant's state citizenship where company's lone principal place of business was in New Jersey even though it also had an office in upstate New York).

20.     The Recording Academy's "nerve center" is located in California.

21.     The Recording Academy is incorporated in the State of Delaware and its principal place of business is in the State of California.

22.     The Recording Academy's headquarters is located at 3030 Olympic Blvd., Santa Monica, California 90404. (*See* Declaration of Shonda Grant[1] ("Grant Decl."), ¶ 4.)

23.     Fifteen of the Recording Academy's twenty-three executives maintain offices at the Santa Monica, California headquarters and/or work out of the State of California. Approximately one hundred twenty employees are based out of that headquarters. (*See* Grant Decl., ¶¶ 5, 6, 7, 8.)

24.     The majority of the corporate decision-making and direction takes place at the Recording Academy's Santa Monica, California headquarters and within the state of California. (*See* Grant Decl., ¶ 9.)

25.     Upon information and belief and as alleged by Plaintiff, defendant Neil Portnow ("Portnow") resides and is domiciled in the State of California. (**Exhibit M** ¶ 13.)

26.     Plaintiff has also named as defendants, "Does 1-5."  (**Exhibit M** ¶ 15.)  Thus far, upon information and belief, "Does 1-5" have not been served or identified.  Regardless, the citizenship of defendants sued under fictious names is to be disregarded for the purposes of determining diversity and citizenship under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621 (S.D.N.Y. 2004).

27.     Accordingly, there is complete diversity between the parties under 28 U.S.C. § 1332.

---

[1] The declaration of Shonda Grant is attached hereto as **Exhibit Q**.

B. **Amount In Controversy.**

28.     Without conceding that Plaintiff is entitled to any damages from Defendants, the Recording Academy has a reasonable, good faith belief that the amount in controversy in this action exceeds $75,000.

29.     In her Complaint, Plaintiff did not include any statement or amount of damages.

30.     On December 20, 2023, the Recording Academy served a Request for Statement of Damages Pursuant to C.P.L.R. 3017(c) upon Plaintiff.

31.     On January 4, 2024, Plaintiff responded to the Request for Statement of Damages stating that she was seeking "$10,000,000 for past and future pain and suffering, loss of enjoyment of life and future medical expenses." A true and correct copy of Plaintiff's response is attached as **Exhibit R**.

32.     Because this is a civil action in which there is complete diversity and the amount in controversy exceeds $75,000, this District Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a).

III.     **REMOVAL TO THIS DISTRICT IS PROPER**

33.     Venue lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441(a) and 1391(b) because the District of New York includes the county in which this action is pending (New York County).

IV.     **ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN MET**

34.     It is well-settled that in the Second Circuit, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 38 (2d Cir. 2010); *Steele v. Charles George Cos.*, No. 15 CIV. 281 AT, 2015 WL 2069895, at *1 (S.D.N.Y. Apr.

27, 2015) (complaint did not trigger removability where it "merely states that [Plaintiff] 'has been damaged in a sum of money exceeding the monetary jurisdiction of all lower courts in which this action could be brought and in such amount as the trier of fact may deem just, proper and equitable.'").

35.     As noted above, the Recording Academy learned that the amount in controversy was satisfied on January 4, 2024.

36.     Because this Notice of Removal has been filed within thirty (30) days of the Recording Academy having a reasonable probability that the amount in controversy requirement exceeds $75,000 and is satisfied, it is timely under 28 U.S.C. § 1446(b).

37.     In accordance with 28 U.S.C. § 1446(d), Defendant will serve written notice of the removal of the State Court Action on Plaintiff via Plaintiff's counsel of record.  In addition, Defendant will file a copy of this Notice of Removal with the Clerk of the Court for the State Court.

38.     Pursuant to 28 U.S.C. § 1446(a), "all cop[ies] of all process, pleadings and orders" filed in the State Court Action are attached as **Exhibit A through Exhibit O**.

39.     Typically, all defendants must consent to removal in order to avoid remand. However, the rule of unanimity does not apply to defendants who have not been properly served. *See Paige v. City of New York*, No. 21-CV-11104 (JGK), 2023 WL 3122989, at *2 (S.D.N.Y. Apr. 27, 2023) (denying motion to remand because co-defendant was not served properly and therefore co-defendant's consent to removal was not required)*; see also Vargas v. Holden*, No. 10 CIV. 8567 JGK, 2011 WL 446199, at *2 (S.D.N.Y. Feb. 8, 2011) (co-defendant's consent to removal not required until co-defendant was properly served).

40.     The Recording Academy is represented by the undersigned and consents to removal of the State Court Action to this District Court.

41.     Upon information and belief, the only other defendant in this Action, Portnow, has not yet been served.  Portnow, however, has consented in writing to removal of this action to this District Court.  A true and correct copy of Portnow's Consent to Removal is attached hereto as **Exhibit P**.

42.     Therefore, all defendants who have been properly served, *i.e.*, the Recording Academy, consent to removal.

43.     In filing this Notice of Removal, Defendant does not waive any defense that may be available to it and expressly reserves any rights, claims, actions, defenses, arguments, or set-offs to which it is or may be entitled in law or at equity, including any and all defenses available under Rules 1, 8 and 12 of the Federal Rules of Civil Procedure.  Defendant does not concede that Plaintiff has pled any claim upon which relief may be granted.  Defendant further reserves the right to amend or supplement this Notice of Removal as may be appropriate.

44.     Accompanying this Notice of Removal is a Civil Cover Sheet.

*     *     *

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant hereby removes the original action brought by Plaintiff, now pending in the Supreme Court of New York, New York County, from said state court to this District Court and requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: New York, New York
     January 17, 2024

Respectfully submitted,

*/s/ Elise Bloom*
Elise Bloom
Michelle A. Annese
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
mannese@proskauer.com

Lexie R. Reynolds
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: 617.526.9600
Fax: 617.526.9899
areynolds@proskauer.com

*Attorneys for Defendant National Recording Academy of Recording Arts & Sciences, Inc.*