UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| JAA DOE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEIL PORTNOW; NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.; DOES 1-5 whose identities are unknown to Plaintiff,<br><br>　　　　　　Defendants. | Case 1:24-cv-00345-AT<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

## INTRODUCTION

Plaintiff respectfully requests that this matter be remanded to the Supreme Court of the State of New York, County of New York, where it originated. Defendant the National Academy of Recording Arts & Sciences, Inc.'s ("the Recording Academy" or "Defendant") has not met its burden of establishing that this Court has the power to exercise original jurisdiction on diversity grounds, barring removal pursuant to 28 U.S.C. § 1441(c). Specifically, Defendant's contentions that it should not be deemed a citizen of New York are unsupported. First, Defendant's Rule 7.1 disclosure statement fails to name and disclose the citizenships of the Recording Academy's various entities and individuals, a procedural requirement that must be met when demanding removal. Additionally, the purported evidence put forth by Defendant in support of removal is conclusory, and ultimately lacking for the Court to properly determine jurisdiction. For these reasons, the case should be remanded to State Court.

## STANDARD OF REVIEW

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

1

or defendants, to the district court of the United States for the district and division embracing the place where such an action is pending." *See* 28 U.S.C. § 1441(a). Removal may be challenged on a number of grounds, including lack of subject matter jurisdiction, at issue in this case. *See* 28 U.S.C. § 1447.

"If the court lacks clear subject matter jurisdiction, then it cannot consider the action." *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019) (citing *Pan Atl. Grp., Inc. v. Republic Ins. Co.*, 878 F.Supp. 630, 638 (S.D.N.Y. 1995)). The party seeking removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163 (S.D.N.Y. 2003). The Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, 2011 WL 4965150, at *2 (S.D.N.Y. Oct. 19, 2011) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y.1996)). As a general matter, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand." *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2. "Out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *Sokola v. Weinstein*, 2020 WL 3605578, at *7 (S.D.N.Y. Jul. 2, 2020) (internal citation and quotation omitted).

## ARGUMENT

**I.     Defendant Has Failed to Demonstrate that this Court Has Subject Matter Jurisdiction on Diversity Grounds.**

In order for this Court to exercise jurisdiction, Defendant bears the burden of demonstrating that (1) the parties are citizens of different states and (2) the amount in controversy exceeds

$75,000.[1] *See* 28 U.S.C. § 1332(a)(1). Regarding the first element, corporations are considered citizens of every state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's "principal place of business," the Supreme Court created the "nerve center" test in 2010, deeming a corporation's principal place of business as the situs of its "nerve center". The "nerve center" is where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 93 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination … and not simply an office where the corporation holds its board meetings…" *Id*. A corporation's "nerve center" may be different than the location where "the bulk of a company's business activities visible to the public take place." *Id*. at 95.

Here, Defendant's assertions that its headquarters are in California is not enough to demonstrate removability. Rather, Defendant must show that California is the actual center of direction control, and coordination, i.e. its nerve center. It has failed to meet this burden. Defendant describes itself as "a 501(c)(6) not-for-profit professional membership organization" with "twelve 'Chapters' nationwide, which serve as regional touchpoints to connect with members and advance the Recording Academy's mission." Doc. No. #1, Exhibit Q, Decl. of Shonda Grant ¶3. Nonetheless, Defendant's Rule 7.1 disclosure are silent as to the citizenship of these Chapters or other entities under the Recording Academy umbrella. These procedural defects must be cured before the Court can properly consider Defendant's removal.

Rule 7.1 requires that, in actions in which jurisdiction is based on diversity, the seeking party file a disclosure statement which "must name - and identify *every individual or entity* whose

---

[1] Plaintiff does not disclose that the amount-in-controversy requirement has been met for diversity purposes.

citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). "What counts as an 'entity' for purposes of Rule 7.1 is shaped by the need to determine whether the court has diversity jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1, Advisory Committee Notes (2022). The Recording Academy's Rule 7.1 disclosure does not name or identify the citizenship of any of the individuals or entities whose citizenship can be attributed to the Recording Academy. On this basis alone, the case should be remanded to State Court.

Additionally, Defendant makes a number of self-serving assertions in the Grant Declaration, which only further demonstrates the need for full disclosure by the Recording Academy before the Court can consider its citizenship for jurisdictional purposes. Defendant's Declarant states that several executives reside and work out of California, along with approximately 120 employees. Doc. No. #1, Exhibit Q, Grant Decl. ¶¶ 4-5, 8. Grant acknowledges that there are executives in New York, a New York Chapter, and other executives residing in other locations across the United States. Id. at ¶¶ 6-7, 10. Grant herself does not work out of the headquarters and is a resident of Nebraska. Id. at ¶7. Despite the presence of several vice-presidents and officers outside of California, Grant conclusively states that "the majority of the corporate decision-making and direction takes place at the Recording Academy's Santa Monica, California headquarters and within the state of California." Id. at ¶9. These vague statements are insufficient to assert that California is its principal place of business.

As this Court has held, "the location of employees and the domicile listed in corporate documents is largely immaterial in determining a corporation's principal place of business." *Zurich Am. Life Ins. Co. v. Nagel*, 2021 WL 3077861, at *3 (S.D.N.Y. July 20, 2021). Further, "the nerve center test is not simply a numbers game." *St. Paul Fire and Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F.Supp.3d 603, 607 (S.D.N.Y. 2015). The test focuses on where a corporation's

4

"high-level decisions are made, not where day-to-day activities are managed." *Id*. at 605. Therefore, Defendant's statements that the majority of executives and staff are located in California are insufficient to satisfy the jurisdictional requirement.

Further, while consideration of proffered declarations can be considered by the Court in determining citizenship, declarations that simply "parrot[] the language of the *Hertz* decision … without providing any supporting details for the assertions…" are not credible. *Cofimco USA, Inc. v. Mosiewicz*, 2016 WL 1070854 *4 (S.D.N.Y. Mar. 16, 2018). Here, Defendant simply stating that California is the situs of the majority of decision-making does not meet the burden required for removal.

As alleged in the Complaint, Plaintiff was introduced to Neil Portnow, Defendant's then President and CEO in New York City, where she attended events sponsored by Defendant, and was subsequently sexually assaulted by him. Doc. No. #1, Exhibit M, Compl. ¶¶20, 25-28, 70, 73. The State Court claims brought are a result of the opening of the statute of limitations by the New York Legislature under the Adult Survivors Act ("ASA"), CPLR 214-j, and the New York City Gender Motivated Violence Protection Law, N.Y.C. Admin. Code, Chapter 11 § 10-1101 et seq.[2] Because state court claims are at the heart of this matter, the only basis for removal available to Defendant requires it to prove that its principal place is not in New York, a burden it has not met. For these reasons, Plaintiff's Motion for Remand should be granted.

In the alternative, should the Court find that removal is not warranted, Plaintiff requests that Defendant be required to provide complete Rule 7.1 disclosures and sufficient evidence to support the statements made in the Grant Declaration before a determination on jurisdiction. *See*

---

[2] "C.P.L.R. 214-j accomplishes for adult survivors of sexual assault, *i.e.* persons who were 18 or over at the time they were assaulted, what C.P.L.R. 214-g did for plaintiffs who were children (under 18) when they were sexually abused." C.P.L.R. 214-j, (Cmt) 2022.

Fed. R. Civ. P. 7.1, Advisory Committee Notes (2002) ("Discovery may be appropriate to test jurisdictional facts by inquiring into such matters as the completeness of a disclosure's list of persons or the accuracy of their described citizenships."); *see also St. Paul Fire and Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F.Supp.3d 603, 605 (evidentiary hearing held to establish facts relevant to the jurisdictional analysis). Such discovery is necessary to ascertain facts otherwise unavailable to Plaintiff.

## **CONCLUSION**

For these reasons, Plaintiff respectfully submit that remand to New York State Court is appropriate.

Dated:     February 12, 2024
           New York, New York

>                                          */s/ Nahid A. Shaikh*_____
>                                          Jeffrey R. Anderson
>                                          Trusha Goffe
>                                          Nahid Shaikh
>                                          JEFF ANDERSON & ASSOCIATES, PA
>                                          363 7th Avenue, 12th Floor
>                                          New York, New York 10001
>                                          Telephone: (646) 759-2551
>                                          *Email: Jeff@AndersonAdvocates.com*
>                                          *Email: Trusha@AndersonAdvocates.com*
>                                          *Email: Nahid@AndersonAdvocates.com*
>
>                                          *Counsel for Plaintiff*