**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

JAA DOE,

                              Plaintiff,

                 -against-

NEIL PORTNOW; NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.; and DOES 1-5 whose identities are unknown to Plaintiff,

                             Defendants.

1:24-cv-00345 (AT)

------------------------------------------------------------X

**DEFENDANT NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

# **TABLE OF CONTENTS**

                                                                **Page**

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL ARGUMENT ...................................................................................................................2

I.     The Recording Academy's 7.1 Disclosure Statement Was Proper and Correctly Identified the Recording Academy's Citizenship Based on the State in Which It Is Incorporated (Delaware) and the State in Which It Has Its Principal Place of Business (California)...................................................................................................................2

II.    The Recording Academy's Principal Place of Business Is in California and, Thus, Removal to This Court Was Proper as Complete Diversity Exists. ....................................4

       A.     Plaintiff's Counsel Has Admitted That the Recording Academy's Principal Place of Business Is in California and, Thus, Is Estopped From Asserting a Contrary Position in This Action. ............................................................................5

       B.     Plaintiff Admits That the Recording Academy's Principal Place of Business Is in California. ...........................................................................................................7

       C.     The Recording Academy Has Established That Its Principal Place of Business Is in California. ........................................................................................8

III.   Plaintiff's Request for Discovery Should Be Denied. .......................................................12

CONCLUSION ..............................................................................................................................13

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bartlett v. Honeywell Int'l Inc.*,
    737 F. App'x 543 (2d Cir. 2018) ....................................................................................1

*Bistro Exec., Inc. v. Rewards Network, Inc.*,
    No. CV 04-4640 CBM MCX, 2006 WL 6849825 (C.D. Cal. July 19, 2006) ..................7

*Cofimco USA Inc. v. Mosiewicz*,
    No. 15-cv-9118 (SAS), 2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016) ........................11

*Derrica v. Tura, Inc.*,
    No. 21-CV-8820 (VSB), 2022 WL 1421452 (S.D.N.Y. May 5, 2022) ....................9, 10

*Est. of Scales v. ATU Loc. 1181*,
    No. 23-CV-9009 (LTS), 2024 WL 21929 (S.D.N.Y. Jan. 2, 2024) ..............................3

*Goodman v. Sharp*,
    No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022) ..................2, 3

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) .....................................................................................................1, 8

*ICON MW, LLC v. Hofmeister*,
    950 F. Supp. 2d 544 (S.D.N.Y. 2013) ...........................................................................3

*In re Adelphia Recovery Trust*,
    634 F.3d 678 (2d Cir. 2011) ......................................................................................6, 7

*Knowyourmeme.com Network v. Nizri*,
    No. 20CIV9869GBDJLC, 2021 WL 4441523 (S.D.N.Y. Sept. 28, 2021), *aff'd
    sub nom. KnowYourMeme.com Network, Inc. v. Nizri*, No. 22-1322, 2023 WL
    6619165 (2d Cir. Oct. 11, 2023) ...................................................................................4

*L. Enf't Sys., Inc. v. Am. Express Co.*,
    No. 03CV3371(DLI)(RER), 2012 WL 13075635 (E.D.N.Y. Sept. 7, 2012) ................7

*Lachmanaya v. Rocky Towing, LLC*,
    No. 23-CV-133(DLI)(PK), 2023 WL 2329855 (E.D.N.Y. Mar. 2, 2023) .....................3

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ..................................................................................................6, 7

*St. Paul Fire & Marine Insurance Co. v. Scopia Windmill Fund, LP*, 87 F. Supp.
   3d 603 (S.D.N.Y. 2015) ............................................................................................. 10, 11

*Sullivan v. Duncan*,
   No. 13-CV-1640 SAS, 2015 WL 4393316 (S.D.N.Y. July 17, 2015) ....................................... 12

*Zurich American Life Insurance Co. v. Nagel*,
   No. 20-CV-11091 (JSR), 2021 WL 3077861 (S.D.N.Y. July 20, 2021) ................................. 10

**STATUTES**

28 U.S.C. § 1332 ................................................................................................................... 1, 4

**OTHER AUTHORITIES**

CA Code, CCP § 128.7(a-b) ......................................................................................................... 6

Fed. R. Civ. P. 7.1 ....................................................................................................................... 4

**PRELIMINARY STATEMENT**

Defendant National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy") has properly established the necessary requirements for removal to this Court. For a district court to have original jurisdiction over a state action based on diversity of citizenship, 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. Plaintiff JAA Doe ("Plaintiff") does not dispute the amount-in-controversy requirement has been met. (Dkt. 21 at 3, n.1.) Plaintiff also agrees she is a citizen of New York and Defendant Neil Portnow is a citizen of California. The only dispute is whether the Recording Academy is considered a citizen of New York. It is not.

With regard to a corporation, like the Recording Academy, citizenship is based on the state in which it is incorporated and the state in which it has its principal place of business. Here, the Recording Academy has established that it is a citizen of Delaware (state of incorporation) and of California (principal place of business) and, most importantly for purposes of removal, it is not a citizen of New York.

Plaintiff's attempts to undermine this fact are specious and should fail. Indeed, in her Complaint, Plaintiff admits that the Recording Academy's principal place of business is in Santa Monica, California.[1] Similarly, in another case brought by a different plaintiff against the Recording Academy filed in California, Plaintiff's counsel (the same law firm representing Doe

---

[1] In Paragraph 13 of her Complaint, Plaintiff alleges that the Recording Academy has it's "principal places of business at 3030 Olympic Blvd., Santa Monica, CA 90404 and 28 Liberty Street, New York, NY 10005." *See* Exhibit 3 to Declaration of Elise M. Bloom ("Bloom Decl."). As detailed below, a corporation can only have one principal place of business. *See Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("[T]he Supreme Court has held that a company's principal place of business can be only a 'single' state. . . .") (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). Plaintiff's allegation regarding New York is merely an attempt to defeat removal as California is clearly the locale of the Recording Academy's principal place of business.

in this matter) asserted that the Recording Academy's principal place of business is solely in Santa Monica, California.² Counsel should be estopped from taking a contrary position in this litigation simply to defeat removal.

## LEGAL ARGUMENT

I. **The Recording Academy's 7.1 Disclosure Statement Was Proper and Correctly Identified the Recording Academy's Citizenship Based on the State in Which It Is Incorporated (Delaware) and the State in Which It Has Its Principal Place of Business (California).**

For diversity purposes, citizenship analysis depends on the type of party, with different tests applied to an individual, a corporation, and an LLC. "A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business." *Goodman v. Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609, at *6 (S.D.N.Y. July 12, 2022) (citing 28 U.S.C. § 1332(c)(1)). As a corporation, the Recording Academy falls under this analysis.³ A 501(c)(6) non-profit corporation is not treated any differently. Indeed, courts have applied this test to 501(c)(6) corporations just as they have to for-profit corporations.

---

² The same law firm representing Plaintiff in this matter - Jeff Anderson & Assocs., PA - filed a Complaint on December 12, 2023 in the Superior Court of the State of California, Los Angeles County on behalf of another Plaintiff, Terri McIntyre, against the Recording Academy and asserted in that complaint that the Recording Academy's principal place of business was in Santa Monica, California. *See* Exhibit 1 to Bloom Decl. (Complaint at ¶ 25, *McIntyre v. National Academy of Recording Arts & Sciences, Inc. et al.*, No. 23SMCV05799 (Cal. Super. Ct. Dec. 12, 2023) ("Plaintiff is further informed and believes and thereon alleges that Defendant Academy maintains its current principal place of business at 3030 Olympic Blvd., Santa Monica, California, 90404."). The Complaint in this matter was filed by Plaintiff in state court on January 3, 2024, after the complaint in *McIntyre* was filed. *See* Bloom Decl., ¶¶ 2, 4.

³ A 501(c)(6) can be either an incorporated corporation or an unincorporated association. Here, the Recording Academy is an incorporated corporation. *See* Declaration of Ann Meckelborg ("Meckelborg Decl.") at ¶ 2.

*See id.*, 2022 WL 2702609, at *6 (applying the principal place of business test to 501(c)(6) not-for-profit corporation when analyzing diversity of citizenship).

In her remand motion, Plaintiff takes issue with the Recording Academy's 7.1 Disclosure Statement by claiming it did not identify the citizenship of the Recording Academy's "Chapters or other entities under the Recording Academy umbrella." (Dkt. 21 at 3.) Plaintiff, however, has incorrectly conflated the diversity analysis required for a 501(c)(6) unincorporated association or LLC onto the Recording Academy, which is a corporation. (*Id*. at 3-4.) "[T]he citizenship of an LLC, unlike a corporation, is not tied to the state in which it is formed or has its principal place of business; rather, an LLC takes the citizenship of each of its members." *Lachmanaya v. Rocky Towing, LLC*, No. 23-CV-133(DLI)(PK), 2023 WL 2329855, at *2 (E.D.N.Y. Mar. 2, 2023) (internal citation and quotation marks omitted); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("**With the exception of corporations**, the citizenship of business entities is derived from the citizenship of all members of the entity.") (citing *Carden v. Arkoma Assocs*., 494 U.S. 185, 189 (1990)). Similarly, a 501(c)(6) unincorporated association's citizenship would also be based on the citizenship of its members. *See Est. of Scales v. ATU Loc. 1181*, No. 23-CV-9009 (LTS), 2024 WL 21929, at *3 (S.D.N.Y. Jan. 2, 2024) ("Unlike a corporate entity whose citizenship is determined by its place of incorporation or its principal place of business, the citizenship of an unincorporated association, such as a labor organization, is determined by the citizenship of each of its members.").

Here, the Recording Academy **is not** an unincorporated association or an LLC; rather, it is a 501(c)(6) corporation incorporated in Delaware. *See* Meckelborg Decl. at ¶ 2; *see also* Dkt. 003 (7.1 Disclosure Statement). Its Chapters do not transform its corporate structure from a corporation into an unincorporated association or an LLC. Moreover, the Chapters are not

3

formal "entities" and have no separate legal identity from the Recording Academy. *See* Meckelborg Decl. at ¶ 7. A Chapter is merely a group of Recording Academy members organized generally on a geographic basis as designated by the Recording Academy's Board of Trustees. *See id*. at ¶ 6. These Chapters do not alter the corporate structure of the Recording Academy.

Nor do the Chapters impact the Recording Academy's obligations for Rule 7.1 disclosure. All that is required under Rule 7.1 is that a corporation's disclosure "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or "states there is no such corporation." *Knowyourmeme.com Network v. Nizri*, No. 20CIV9869GBDJLC, 2021 WL 4441523, at *2 (S.D.N.Y. Sept. 28, 2021), *aff'd sub nom. KnowYourMeme.com Network, Inc. v. Nizri*, No. 22-1322, 2023 WL 6619165 (2d Cir. Oct. 11, 2023). The Recording Academy's Rule 7.1 disclosure clearly met these requirements, declaring no parent corporation and no publicly held corporation owning 10% or more of its stock. (Dkt. 003.) The Recording Academy further satisfied Rule 7.1(2)'s requirement to identify its citizenship, declaring it as incorporated in the state of Delaware with its principal place of business in California, which are the relevant factors for determining a corporation's citizenship. *See supra* p. 2.

II. **The Recording Academy's Principal Place of Business Is in California and, Thus, Removal to This Court Was Proper as Complete Diversity Exists.**

A corporation is "deemed to be a citizen of the State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, it is undisputed that the Recording Academy is incorporated in Delaware. Moreover, Plaintiff's counsel's and Plaintiff's own admissions – as well as the evidence proffered by the Recording Academy – clearly establishes that the Recording Academy's principal place of business is in Santa Monica, California. As such, and because Plaintiff Doe is a citizen of New York and

Defendant Portnow a citizen of California, complete diversity exists and removal to this Court was proper.

> A. **Plaintiff's Counsel Has Admitted That the Recording Academy's Principal Place of Business Is in California and, Thus, Is Estopped From Asserting a Contrary Position in This Action.**

In another current litigation pending against the Recording Academy in the Superior Court of the State of California, a party represented by the *same law firm* (Jeff Anderson & Assocs., PA) and the *same attorney* (Mike Reck)[4] as the Plaintiff in this action filed a complaint specifically alleging that the Recording Academy's principal place of business is in Santa Monica, California.  *See* Ex. 1 to Bloom Decl. at ¶ 25 ("Plaintiff is further informed and believes and thereon alleges that Defendant Academy maintains its current principal place of business at 3030 Olympic Blvd., Santa Monica, California, 90404.").  Significantly, the *McIntrye* complaint, which was filed on December 12, 2023, was filed prior to the Complaint filed in state court in this action on January 3, 2024.[5]

By admitting the Recording Academy's principal place of business is in California in the *McIntyre* matter in California state court while taking a contrary position in this matter and arguing that its principal place of business is also in New York, it is clear Plaintiff's counsel's position in this case is specious.  A corporation can only have a single principal place of

---

[4] Counsel in this action – Jeff Anderson – has also entered an appearance in the *McIntyre* matter. *See* Exhibit 2 to Bloom Decl. at p. 1-2.

[5] The Complaint in the instant matter was originally attached as an exhibit to Plaintiff's Order to Show Cause in New York state court on November 8, 2023, but was not properly and separately filed on the state court docket until January 3, 2024.  *See* Ex. 3 to Bloom Decl.  The copies of the Complaint filed on November 8, 2023 and on January 3, 2024 both listed the Recording Academy's principal places of business as in both Santa Monica, California and in New York, York.  *See id.* at ¶ 14.

business; counsel cannot have it both ways. Indeed, counsel – and, as a result, Plaintiff – should be estopped from asserting a contrary position in this litigation for two reasons.

First, by signing a pleading in the *McIntyre* matter alleging that Santa Monica, California is the Recording Academy's principal place of business, Plaintiff's attorneys were certifying a factual allegation that they believed to be true. *See* CA Code, CCP § 128.7(a-b) ("Every pleading . . . shall be signed by at least one attorney of record in the attorney's individual name . . . . By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) The allegations and other factual contentions have evidentiary support[.]"). Taking a contrary position in this litigation directly undermines the factual allegation which they claimed to be true in *McIntyre*.

Second, counsel should be precluded from asserting that the Recording Academy's principal place of business is anywhere but Santa Monica, California under the doctrine of judicial estoppel. Indeed, asserting directly contradictory facts in an attempt to prevent removal is exactly the type of behavior judicial estoppel is meant to address. *See In re Adelphia Recovery Trust*, 634 F.3d 678, 696 (2d Cir. 2011) ("The purpose of judicial estoppel is . . . to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.").

Because judicial estoppel is an equitable doctrine, this Court can apply the principle at its discretion to preserve the integrity of the judicial process. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). While judicial estoppel is typically applied when the same party has asserted incompatible positions in two different cases, courts may examine the "objective

6

conduct of a party *or its counsel*[.]" *See Adelphia Recovery Trust*, 634 F.3d at 696 (emphasis added); *see also New Hampshire*, 532 U.S. at 750 ("In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.").

Ultimately, applying judicial estoppel is thus appropriate here and Plaintiff should be precluded from arguing that the Recording Academy's principal place of business is anywhere other than California based on her counsel's admissions in the *McIntyre* matter. *See L. Enf't Sys., Inc. v. Am. Express Co.*, No. 03CV3371(DLI)(RER), 2012 WL 13075635, at *6 (E.D.N.Y. Sept. 7, 2012) (applying judicial estoppel against plaintiff who had asserted two incompatible positions across two different cases against defendant); *see also Bistro Exec., Inc. v. Rewards Network, Inc.*, No. CV 04-4640 CBM MCX, 2006 WL 6849825, at *5 (C.D. Cal. July 19, 2006) ("Indeed, the apparent willingness of Defendants' counsel to take inconsistent positions within the same proceeding as well as in different proceedings is one of the very harms judicial estoppel is meant to prevent, namely parties playing "fast and loose" with the facts whenever it suits them.").

### B. Plaintiff Admits That the Recording Academy's Principal Place of Business Is in California.

Plaintiff should also be precluded from arguing that the Recording Academy's principal place of business is in New York because she admits in the Complaint that its principal place of business is, in fact, in California. Indeed, Plaintiff specifically alleges that the Recording Academy has it's "principal places of business at 3030 Olympic Blvd., Santa Monica, CA 90404 and 28 Liberty Street, New York, NY 10005." *See* Ex. 3 to Bloom Decl. at ¶ 13. As a corporation can only have a single principal place of business, it is readily apparent that

Plaintiff's claim that the Recording Academy also has a principal place of business in New York is a transparent attempt to defeat removal.

### C. The Recording Academy Has Established That Its Principal Place of Business Is in California.

It is well-settled that a corporation's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities," also known as the "nerve center." *Hertz*, 559 U.S. at 80-81. The "'nerve center,' usually its main headquarters, is a single place" and always the "actual center of direction, control, and coordination." *Id*. at 93. As the Supreme Court of the United States held, a company can only have a single "nerve center." *See id*. Here, it is clear that the Recording Academy's "nerve center" and, thus, its principal place of business is in California.

Contrary to Plaintiff's contentions, the Recording Academy did far more than "parrot the language of the *Hertz* decision . . . ." (Dkt. 21 at 5.) Rather, the Declaration of Shonda M. Grant (The Recording Academy's Chief People & Culture Officer) not only explained that the Recording Academy's headquarters is located in Santa Monica, California but also made clear that the vast majority of its top executives, including the most senior positions directing the organization's operations, work out of California. (*See* Declaration of Shonda Grant, Dkt. 1-17, ¶¶ 4-5). Significantly, those executives include both the Chief Executive Officer and the President of the Recording Academy, as well as the Chief Financial Officer, Chief Operating Officer, Executive Vice President of Legal Affairs, and Vice President of Awards covering all the major areas of the Recording Academy's operations. (*See id*. at ¶ 5) In addition to these senior, high level executives, nine other top executives also work out of California, either at the Recording Academy's Santa Monica headquarters or remotely within California, including the Executive Vice President and President of Communications, the Vice President of Producers &

Engineers, the Vice President of Membership & Industry Relations, the Vice President of Artist Relations, the Vice President of Digital Media, the Vice President of Production & Event Operations, the Chief of Staff, and at least for parts of the year, the Executive Vice President of Marketing. (*See id*.) In total, fifteen executives work in California.

By contrast, there are only three executives in New York: the Chief Awards & Industry Officer, Vice President of Partnerships & Business Development, and (part time) the Executive Vice President of Marketing work out of the State of New York. (*See id*. at ¶ 6). This pales in comparison to the coverage of departments by the top executives who work from California.

Plaintiff's attempt to obfuscate the issue by highlighting executives who reside outside of New York and California misses the mark, as the key question for removal is whether the entity's principal place of business is in California. That an executive resides in Nebraska or a handful of other states does nothing to support Plaintiff's false contention that the locus of control is actually in New York and not California.

The "nerve center" is not just determined by numbers, and the positions and roles of the executives matter because the "nerve center" is where the high-level decisions are actually being made. Here, the individuals exercising direction, control, and coordination across the entire Recording Academy via the CEO and President, its finances via the CFO, operations via the COO, legal affairs via the Executive Vice President of Legal Affairs, communications via the Executive Vice President and Vice President of Communications, as well as the areas of membership and industry relation, production and event operations, artist relations, digital media, and producers and engineers are all in California.

*Derrica v. Tura, Inc*. is instructive. In *Derrica*, the Court held that the corporation's "nerve center" was in Muncy, Pennsylvania even though the President and CEO occasionally

worked out of New York. No. 21-CV-8820 (VSB), 2022 WL 1421452, at *3 (S.D.N.Y. May 5, 2022). In coming to this conclusion, it focused on the fact that the individual who served as the corporation's Vice President of Operations, CFO, Corporate Secretary and Treasurer worked out of Pennsylvania, meaning the "lion's share of corporate decision making and direction takes place in [Pennsylvania]." *Id*. The Recording Academy's structure is even simpler than the corporation in *Derrica* as the Recording Academy's CEO and President are in California along with a number of significant high-level officers, rather than in New York.

Similarly, in *Zurich American Life Insurance Co. v. Nagel*, which Plaintiff peculiarly cited in her motion, the Court analyzed whether the plaintiff's "nerve center" was in New York or Illinois. No. 20-CV-11091 (JSR), 2021 WL 3077861, at *3 (S.D.N.Y. July 20, 2021). There, the Court ultimately held the weight of the evidence favored New York citizenship even though several Board members and the CFO, Chief Information Security Officer, Controller, and Chief Compliance Officer were based in Illinois because the President and CEO, General Counsel, Chief Investment Officer, Chief Actuary, and Chief Risk Officer, as well as several Board members, were all based in New York. *See id*. The court deemed these positions "high level officers whose location is particularly convincing as to the locus of decision-making under the nerve center test . . . ." *Id*. The configuration of the Recording Academy's executives even more strongly points to the locus of decision-making being outside New York given that the CEO, President, CFO, COO, both Communications executives, and many other executives leading the Recording Academy's various departments are all based out of the same state – California.

The other cases Plaintiff cites are do not support any different conclusion. For example, the circumstances in *St. Paul Fire & Marine Insurance Co. v. Scopia Windmill Fund, LP* were quite different than that of the Recording Academy, as the corporation was a subsidiary managed

by another subsidiary of the parent corporation with the CEO of the parent company, Chief Investment Officer, and two others located in New York. 87 F. Supp. 3d 603, 605-607 (S.D.N.Y. 2015). The court ultimately found the principal place of business was in Connecticut because 9 of the 15 executives were in Connecticut including the CEO of the managing subsidiary who also served as President and COO of the parent company. *Id*. at 606-607. In contrast, the Recording Academy does not have nearly the level of potential high-level decision makers in New York – with the day-to-day of nearly all major actions and operations being managed out of California.

*Cofimco USA Inc. v. Mosiewicz* is also inapposite. In *Cofimco*, the plaintiff attempted to establish its principal place of business in Italy rather than Texas despite many significant ties to Texas. No. 15-cv-9118 (SAS), 2016 WL 1070854, at *3-4 (S.D.N.Y. Mar. 16, 2016). The court found the plaintiff's declarations asserting as much suspect since the Cofimco officers and Board of Directors all operated out of the Texas headquarters and only the head of Cofimco was located in Italy. *Id*. The Court ultimately held that the submitted declarations did not support that it was actually this lone individual in Italy, who was not a named officer, director, or employee of Cofimco, who was making the majority of high-level decisions for the company and not the officers that were based at the headquarters in Texas. *Id*., at *4. Whereas more may have been needed to establish Cofimco's principal place of business outside the state where a majority of its high-level officers worked, this is not such a case. This is not a case in which the corporation is trying to argue the high-level decision makers are located somewhere other than the state in which its headquarters is located.[6] The Recording Academy adequately established that nearly

---

[6] The Santa Monica headquarters address is also listed on the Recording Academy's Internal Revenue Service Form 990 submissions as the Recording Academy's address. *See* Meckelborg Decl. at ¶ 3.

11

all the high-level officers are managing the corporation from California, and most importantly for these purposes, not from New York.

Lastly, in her moving brief, Plaintiff has tried to ignore the principal that there can be only one "nerve center" – and, thus, only one principal place of business – by disingenuously pointing to the organization's regional Chapters and ignoring the titles and positions of the executives based in California. The twelve Chapters are regionally based through the country. *See* Meckelborg Decl. at ¶ 5. While certain Chapters are named after states or cities, for example, Atlanta, Chicago, Florida, Los Angeles, Memphis, Nashville, New York, Philadelphia, San Francisco, Texas, and Washington, D.C., they generally represent a much broader footprint of membership like the more aptly named Pacific Northwest Chapter (which covers Washington, Oregon, and Hawaii). *See id*. Each of the Chapters provides local programming for its members throughout the Chapters' regional footprint. *See id*. at ¶ 8. However, the Chapters do not determine the high-level decision-making driving key decisions – including the overall strategic vision of the Recording Academy or with respect to, for example, the Recording Academy's strategic, financial, legal, and communication strategies – which are all made in California. *See id*. at ¶ 9.

**III.    Plaintiff's Request for Discovery Should Be Denied.**

This Court should deny Plaintiff's request to allow discovery on the issue of the Recording Academy's principal place of business, as the Recording Academy has provided sufficient support to establish that its principal place of business is located in California. *See Sullivan v. Duncan*, No. 13-CV-1640 SAS, 2015 WL 4393316, at *6 (S.D.N.Y. July 17, 2015) (finding jurisdictional discovery "would serve no purpose" where plaintiff "offered no evidence to support her assertion" that defendants' principal place of business was in a different state than defendants established). Moreover, Plaintiff's admission in her Complaint and Plaintiff's

counsel's representation in the *McIntyre* matter that the Recording Academy's principal place of business is in California negate any need for discovery on this issue.

## **CONCLUSION**

Therefore, because the Recording Academy has established its principal place of business is in California, and not in New York, all removal requirements based on diversity jurisdiction have been met. Indeed, Plaintiff is a citizen of New York, the Recording Academy is a citizen of Delaware and California, and Defendant Portnow is a citizen of California. As such, complete diversity exists. It is also uncontroverted that the amount in controversy exceeds $75,000. (Dkt. 21 at 3, n.1). Accordingly, the Recording Academy respectfully requests this Court deny Plaintiff's Motion for Remand with prejudice.


Dated: New York, New York
      February 26, 2024                                      Respectfully submitted,

                                                                   */s/ Elise M. Bloom*
                                                                    Elise M. Bloom
                                                                    Michelle A. Annese
                                                                    PROSKAUER ROSE LLP
                                                                    Eleven Times Square
                                                                    New York, New York 10036
                                                                    Tel. 212.969.3000
                                                                    Fax 212.969.2900
                                                                    ebloom@proskauer.com
                                                                    mannese@proskauer.com


                                                                    Lexie R. Reynolds
                                                                    PROSKAUER ROSE LLP
                                                                    One International Place
                                                                    Boston, MA 02110
                                                                    Tel: 617.526.9600
                                                                    Fax: 617.526.9899
                                                                    areynolds@proskauer.com