IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAA DOE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEIL PORTNOW; NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.; and DOES 1-5 whose identities are unknown to Plaintiff,<br><br>　　　　Defendants. | Case No. 1:24-cv-00345-AT<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

## INTRODUCTION

Plaintiff's Motion to Remand should be granted because Defendant the National Academy of Recording Arts ("Defendant") has not met its burden in establishing that Removal was proper. First, Defendant's Removal is procedurally defective and does not meet the requirements of Federal Rule of Civil Procedure 7.1, thereby depriving Plaintiff and the Court from ascertaining whether the diversity jurisdiction allegedly supporting removal exists. Second, that Plaintiff alleged in her Complaint that Defendant conducted business in New York and California should not estop Plaintiff from moving for remand. Indeed, the *Hertz* test requires consideration of the location of a "nerve center" to determine a corporation's citizenship. Due to Defendant's inadequate disclosures, such determination cannot be made. As such, the case should be remanded to the Supreme Court of New York, New York County.

## ARGUMENT

**I.**　**The Recording Academy's Rule 7.1 Corporate Disclosure Statement is Defective.**

Defendant completely sidesteps the inadequacies in its disclosure statement by citing unhelpful case law predating the 2022 amendment of Rule 7.1. *See* Fed. R. Civ. P. 7.1(a)(2) (2022). As amended, Rule 7.1(a)(2) requires "a party or intervenor in an action in which jurisdiction is based on diversity under 28 USC §1332(a) **to name and disclose the citizenship of every individual or entity whose citizenship is attributed to that party**…" Defendant's repeated assertions that it has complied with subpart (a)(1) are of no moment in light of the 2022 amendment, which makes no distinction between corporate and noncorporate entities. Moreover, its reliance on cases predating Rule 7.1's amendment are equally unpersuasive. *See e.g. ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (citing the pre-2022 version of Federal Rule of Civil Procedure 7.1(a)(2)).

In amending Rule 7.1 and requiring exactly the disclosures that Plaintiff is demanding, the importance of specific disclosures in diversity actions was considered:

> Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of diversity-destroying citizenship.

Fed. R. Civ. P. 7.1(a)(2). Having asserted that diversity jurisdiction exists, Defendant bears the burden of a comprehensive disclosure as to its citizenship and the citizenships of any individuals or entities whose citizenships are attributed to it.

Defendant argues that its Chapters should not be considered 'entities' and therefore, need not be included in its required disclosure statement. Unsurprisingly, Defendant's assertions are not supported by any legal authority. In regards to the definition of 'entity', the comment to the Rule's 2022 amendment is informative:

> What counts as an "entity" for purposes of Rule 7.1 is shaped by the need to determine whether the court has diversity jurisdiction under § 1332(a). It does not matter whether a collection of individuals is recognized as an entity for any other purpose, such as the capacity to sue or be sued in a common name, or is treated as no more than a collection of individuals for all other purposes. Every citizenship that is attributable to a party or intervenor must be disclosed.

*Id*., advisory cmt. (2022). The comment continues that "discovery should not often be necessary after disclosures are made…but may be appropriate to test jurisdictional facts." *Id*. Here, stating simply its state of incorporation and purported principal place of business is woefully inadequate given the complex nature of Defendant's organization. Indeed, only further proof of Defendant's inadequacies is an affidavit submitted with its opposition by its Senior Managing Director of Contract Administration and Corporate Secretary. The affidavit avers to various citizenships of Defendant's chapters—information which more appropriately should have been included in its Rule 7.1 disclosure statement, but was only disclosed after Plaintiff's inquiries into one aspect of Defendant's entities for which no disclosure was made. On this basis, Plaintiff's Motion to Remand should be granted as Defendant's Removal is procedurally defective and Defendant has come nowhere close to meeting its burden on this Motion.

**II.     Allegations that Defendant Recording Academy has Principal Places of Business in California and New York do not Prevent Plaintiff from Seeking Remand.**

As recognized by Defendant, Plaintiff's Complaint asserts that Defendant is "an entity authorized to conduct business and conducting business in the State of New York with its principal places of business at 3030 Olympic Blvd., Santa Monica, CA 90404 and 28 Liberty Street, New York, NY 10005." Doc. No. 1, Ex. M, Compl. ¶14. Indeed, Plaintiff's assertion that Defendant has a principal place of business in New York is based on its filing as a foreign not-for-profit corporation with the New York Secretary of State since 1993. Defendant's New York Chapter

likewise registered with the New York Secretary of State in 1958, though it has since merged out of existence.

Plaintiff's Complaint is consistent with the allegations made in another sexual assault case filed against the Recording Academy, as Plaintiff here asserts that Defendant has principal places of business in both California and New York. While Plaintiff recognizes that *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is controlling as to one principal place of business for jurisdictional purposes, this does nothing to change the fact that the Recording Academy's "high level officers direct, control, and coordinate the corporation's activities" in both New York and California. 559 U.S. at 80. Therefore, Defendant's arguments that Plaintiff should be estopped from moving for remand lack merit.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court grant her Motion to Remand.

Dated: March 4, 2024
      New York, New York

Respectfully submitted,

/s/ Nahid A. Shaikh_____
Jeffrey R. Anderson
Nahid A. Shaikh
JEFF ANDERSON & ASSOCIATES
363 7th Avenue, 12th Floor
New York, NY 10001
646-759-2551
Email: Jeff@AndersonAdvocates.com
Email: Nahid@AndersonAdvocates.com

*Counsel for Plaintiff*