USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _04/11/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAA DOE,

                Plaintiff,

-against-

NEIL PORTNOW; NATIONAL ACADEMY OF
RECORDING ARTS & SCIENCES, INC.; and
DOES 1-5 whose identities are unknown to
Plaintiff,

                Defendants.

24 Civ. 345 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, JAA Doe, brings this action against Defendants, Neil Portnow, National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy"), and Does 1-5, alleging that Portnow sexually assaulted her in 2018. *See* Compl., ECF No. 1-13. On November 8, 2023, Plaintiff filed this action in Supreme Court, New York County. *See* ECF No. 1-1. On January 17, 2024, the Recording Academy removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Notice, ECF No. 1. Plaintiff now moves to remand the action to state court on the ground that the parties are not diverse. Pl. Mem. at 2–5, ECF No. 21; *see* Pl. Mot., ECF No. 20. For the reasons stated below, Plaintiff's motion is DENIED.

**LEGAL STANDARD**

    A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "On a motion to remand, the burden of showing complete diversity falls on the party seeking to sustain the removal, not the party seeking remand." *Derrica v. Tura, Inc.*, No. 21 Civ. 8820, 2022 WL 1421452, at *1 (S.D.N.Y. May 5, 2022)

(quotation marks and citation omitted).  "Determination of diversity jurisdiction is based on 'the state of facts that existed at the time of filing.'"  *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004)).

An individual is a citizen of any state in which he or she is domiciled.  *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A corporation is a citizen of every state in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Pursuant to the Supreme Court's decision in *Hertz Corp. v. Friend*, a corporation can have only one principal place of business, and it is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  559 U.S. 77, 80, 92–93 (2010).  "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the . . . 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  *Id.* at 93.

**DISCUSSION**

As an initial matter, Plaintiff contends that the Recording Academy's Rule 7.1 disclosure statement is defective and does not provide the Court with sufficient information to determine the Recording Academy's citizenship.  Pl. Mem. at 3–5; Pl. Reply at 2–3, ECF No. 26.  Federal Rule of Civil Procedure 7.1(a)(1) requires nongovernmental corporations to identify "any parent corporation and any publicly held corporation owning 10% or more of its stock" or "state[] that there is no such corporation," and Rule 7.1(a)(2) requires parties in diversity cases to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party."  The Recording Academy states that it "does not have a parent corporation and that no publicly held corporation owns 10% or more of its stock."  ECF No. 3 at 2.  And, it provides its state of incorporation and principal place of business, the two details required to determine its citizenship.  *Id.* Plaintiff argues that the Recording Academy did not identify the citizenship of each of its chapters,

and that further disclosure was required "given the complex nature of Defendant's organization." Pl. Reply at 2–3. "What counts as an 'entity' for purposes of Rule 7.1 is shaped by the need to determine whether the court has diversity jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2), advisory committee cmt. (2022). A corporation's citizenship is determined by its state(s) of incorporation and its principal place of business. Plaintiff cites no authority—and the Court is aware of none—for her contention that the constituent chapters of a corporation are relevant in determining its citizenship under § 1332(a). Accordingly, the Recording Academy's disclosure statement is not defective.

Next, Plaintiff contends that the Recording Academy has not demonstrated that its citizenship is diverse from Plaintiff's.[1] The Court disagrees. Plaintiff is a citizen of New York. Compl. ¶ 12; Notice ¶ 15. The Recording Academy is incorporated in Delaware. Notice ¶ 21. It offers evidence that its headquarters are in California, as are its chief executive officer, president, chief financial officer, chief operating officer, executive vice president of legal affairs, and vice president of awards, among other executives. Def. Opp. at 8, ECF No. 22; *see* Grant Decl. ¶¶ 4–5, ECF No. 1-17; *Hertz*, 559 U.S. at 93, 97 (the principal place of business should "normally be the place where the corporation maintains its headquarters"). Plaintiff points to the "presence of several vice-presidents and officers outside of California," and "executives in New York, [and] a New York [c]hapter" of the Recording Academy. Pl. Mem. at 4. Pursuant to *Hertz*, a corporation can have only one principal place of business. 559 U.S. at 92. Because the Recording Academy has demonstrated that a majority of its most senior executives work in California, Plaintiff's evidence as to a small number of less senior executives does not alter the conclusion that the "lion's share of corporate decisionmaking and direction" takes place in California. *Derrica*, 2022 WL 1421452, at *3. Accordingly, the Recording

---

[1] The parties agree that Portnow is a citizen of California, Compl, ¶ 13; Notice ¶ 25, and consents to removal, ECF Nos. 18–19. The parties also do not dispute that the amount in controversy exceeds $75,000. *See* Pl. Mem. at 3 n.1.

Academy is a citizen of Delaware and California, and it has established that diversity jurisdiction exists over this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 20.

SO ORDERED.

Dated: April 11, 2024
       New York, New York

                                                            ANALISA TORRES
                                           United States District Judge