UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAA DOE,

                            Plaintiff,

            v.

NEIL PORTNOW; NATIONAL ACADEMY OF
RECORDING ARTS & SCIENCES, INC.; and
DOES 1-5 whose identities are unknown to
Plaintiff,

                            Defendants.

**DEFENDANT NEIL PORTNOW'S
ANSWER TO THE COMPLAINT
AND JURY DEMAND**

24 Civ. 345 (AT)

      Defendant Neil Portnow ("Defendant" or "Mr. Portnow"), by his attorneys, Morvillo Abramowitz Grand Iason & Anello P.C., hereby answers or otherwise responds to the Complaint of Plaintiff JAA Doe ("Plaintiff" or "Doe")[1] as follows:[2]

      Mr. Portnow strenuously denies that he engaged in any misconduct in his interactions with Plaintiff. Plaintiff's allegations are false and are belied by a trove of emails and texts reflecting Plaintiff's warm feelings toward Mr. Portnow after the alleged incident, extending to her proposal for marriage and request for his help in writing a recommendation letter for her immigration application. Mr. Portnow reserves the right to seek sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure for this frivolous lawsuit.

---

[1]  Mr. Portnow objects to Plaintiff's continued use of a pseudonym in prosecuting this action as violative of Rule 10 of the Federal Rules of Civil Procedure and controlling caselaw of the Second Circuit and this District. Mr. Portnow will separately address this issue in an application to the Court.

[2]  Except as to those allegations that Mr. Portnow expressly admits below or those as to which he lacks knowledge or information sufficient to form a belief as to their truth, he denies each and every allegation contained in paragraphs 1 through 101 of the Complaint, including, without limitation, any footnotes, headings, and subheadings contained therein. The headings from the Complaint are used herein solely for convenience. Mr. Portnow expressly reserves the right to amend and/or supplement this answer.

## INTRODUCTION

1.      Defendant denies the allegations in Paragraph 1, except admits that only one solo female artist received a Grammy in 2018, and further avers that he provided an interview to *Variety* after (and not during) the 2018 Grammys broadcast and that the Complaint's quotation from the interview is incomplete and therefore inaccurate.

2.      Defendant denies the allegations in Paragraph 2.

3.      Defendant denies the allegations in Paragraph 3, except admits the allegations in the second sentence and further admits that for a number of years he worked in various capacities in the music industry before joining The National Academy of Recording Arts and Sciences, Inc. ("The Recording Academy") as its president in 2002.

4.      Defendant denies the allegations in Paragraph 4, except admits serving as (i) president of The Recording Academy from 2002 to 2019 and CEO from 2007 to 2019 and (ii) the president of MusiCares, a non-profit organization founded by The Recording Academy in 1989, from 2002 to 2019 when he departed from both organizations.

5.      Defendant denies the allegations in Paragraph 5, except admits that The Recording Academy issued a statement relating to Mr. Portnow's decision not to seek an extension of his contract as President/CEO, that the quoted statement is incomplete, and respectfully refers the Court to the entire statement for its full terms and effect.

6.      Defendant denies the allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9, except admits that Plaintiff purports to bring this action pursuant to the New York Adult Survivors Act, CPLR § 214-j.  To the extent that Paragraph 9 calls for a legal conclusion, no response is required.

10.      Defendant denies the allegations in Paragraph 10, except admits that Plaintiff purports to bring this action pursuant to the New York City Gender Motivated Violence Protection Law, New York City Administrative Code, Chapter 11 §§ 10-1101 – 10-1107.  To the extent that Paragraph 10 calls for a legal conclusion, no response is required.

11.      Defendant denies the allegations in Paragraph 11.

## PARTIES, JURISDICTION, AND VENUE

12.      Defendant denies the allegations in Paragraph 12, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of New York.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except admits that he is a resident of California and served as president of The Recording Academy and MusiCares from 2002 to 2019, and CEO of The Recording Academy from 2007 to 2019.

14.      Defendant admits the allegations in Paragraph 14, except denies that The Recording Academy has its principal place of business in New York.

15.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     The allegations of Paragraph 17 call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant refers to the referenced statute for its complete terms and effect.

18.     The allegations of Paragraph 18 call for a legal conclusion to which no response is necessary, except Defendant denies committing a tortious act with the State of New York.

19.     The allegations of Paragraph 19 call for a legal conclusion to which no response is necessary, except Defendant denies committing a tortious act in New York County.

## FACTUAL ALLEGATIONS

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except admits that he became the president of The Recording Academy in 2002, was named President/CEO in September 2007, and also served as president and CEO of MusiCares.

21.     Defendant denies the allegations in Paragraph 21, except admits that he has been an advocate for musicians and individuals within the music community and has managed strategic advocacy positions at local, state, and national levels.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

4

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29, except admits that in January 2018 he was speaking on a panel at The Paley Center for Media in New York City at an event for the 60th Annual Grammy Awards and that Plaintiff (along with many others) introduced herself to Mr. Portnow at that event.

30.     Defendant denies the allegations in Paragraph 30, except (i) admits that she received two obstructed-view tickets to the Grammy Awards and after-party access from Mr. Portnow's office, and (ii) lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff being "unable to attend due to a previously scheduled commitment."

31.     Regarding the allegations in Paragraph 31, Defendant admits that Plaintiff sent him emails in February 2018 and respectfully refers the Court to those emails for their terms.

32.     Responding to the allegations in Paragraph 32, Defendant states that in May 2018, following a number of communications from Plaintiff seeking to meet with Mr. Portnow, he told Plaintiff that he was traveling to New York City.

33.     Paragraph 33 is ambiguous as to the time of the alleged communication and, therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

34.     Defendant denies the allegations in Paragraph 34, except admits that in June 2018 Plaintiff and he agreed to meet at the Kitano Hotel in New York City.

35.     Defendant denies the allegations in Paragraph 35, except admits that Plaintiff met Mr. Portnow in the lobby of the Kitano Hotel.

36.     Defendant denies the allegations in Paragraph 36, except admits that during the course of their meeting Defendant gave Plaintiff small token gifts of a travel set, a Grammys t-shirt, and a copy signed by him of the 60th annual Grammy CD.

37.     Defendant denies the allegations in Paragraph 37, except admits that during the course of their meeting Defendant offered Plaintiff a snack, soft drink, or glass of wine (from an unopened bottle provided as a hotel amenity), Plaintiff then chose a glass of wine, and Mr. Portnow explained to Plaintiff (in response to her inquiry) that he does not drink alcohol.

38.     Defendant denies the allegations in Paragraph 38, except lack knowledge or information sufficient to form a belief as to the truth of the allegation as to how she previously reacted to consuming wine.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49 and avers that at all times his interactions with Plaintiff were consensual.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54, except admits that in October 2018 Plaintiff emailed The Recording Academy and respectfully refers the Court to the email for its contents.

55.     Defendant admits the allegations in Paragraph 55 and respectfully refers the Court to the referenced email for its contents.

56.     Defendant denies the allegations in Paragraph 56, except admits that in November 2018 his counsel emailed Plaintiff, forwarding a message to Plaintiff from Mr. Portnow, and respectfully refers the Court to the email for its contents.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, except admits upon information and belief that Plaintiff filed a complaint with the New York City Police Department ("NYPD") alleging misconduct by Defendant and that after investigating the complaint, the NYPD determined not to pursue criminal charges against Mr. Portnow.

58.     Defendant denies the allegations in Paragraph 58, except admits that he stepped down as President/CEO of The Recording Academy and MusiCares in July 2019.

59.     Defendant admits the allegations in Paragraph 59.

60.     Defendant admits the allegations in Paragraph 60.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, except admits that attorneys for Deborah Dugan filed a complaint against The Recording Academy with the Equal Employment Opportunity Commission ("EEOC") and respectfully refers the Court to the complaint for its terms.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, except denies that he sexually assaulted Plaintiff.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and respectfully refers the Court to Dugan's EEOC complaint for its terms.

64.     Defendant admits the allegations in Paragraph 64 and respectfully refers the Court to the full text of Mr. Portnow's statement for its terms.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Defendant admits upon information and belief the allegations in Paragraph 66.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

### COUNT I: SEXUAL BATTERY
**(Against Defendant Neil Portnow)**

69.     In response to Paragraph 69, Defendant repeats and realleges his responses to Paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71, except lacks knowledge or information sufficient to form a belief as to Plaintiff's age.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

## COUNT II: NEGLIGENT HIRING, SUPERVISION, AND RETENTION
**(Against Defendant The Recording Academy)**

75-93.    This claim for relief alleges a claim against Defendant The Recording Academy only and therefore no response is required from Mr. Portnow.  If and to the extent a response is deemed required, Defendant denies the allegations insofar as they relate to him.

## COUNT III: GENDER MOTIVATED VIOLENCE
## CAUSE OF ACTION PURSUANT TO §10-1104
**(Against all Defendants)**

94.     In response to Paragraph 94, Defendant repeats and realleges his responses to Paragraphs 1 through 93 as if fully set forth herein.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief enumerated in her prayer for relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses with respect to the causes of action alleged in the Complaint.  In doing so, Defendant does not concede that the assertion of such defenses imposes any burden on him with respect thereto.  To the extent that investigation and/or discovery warrant, Defendant reserves the right to supplement, amend, or withdraw any of the following defenses prior to any trial of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred because Plaintiff would be unjustly enriched by any judgment in her favor against Defendant.  Notwithstanding, Defendant denies causing any damage to Plaintiff.

### THIRD DEFENSE

The Complaint is barred based on Plaintiff's acts, omissions, or other culpable conduct. Damages, if any, must be reduced by the proportion of which such conduct is attributed to Plaintiff.  Notwithstanding, Defendant denies causing any damage to Plaintiff.

### FOURTH DEFENSE

The Complaint is barred based on the doctrine of unclean hands, because the allegations supporting Plaintiff's claims are completely false and without factual support.

### FIFTH DEFENSE

Plaintiff is barred from recovery of any damages because they are uncertain, contingent, and/or speculative. Notwithstanding, Defendant denies causing any damage to Plaintiff.

SIXTH DEFENSE

The Complaint fails to allege that Defendant committed a crime of violence because of Plaintiff's gender or that he harbored "gender animus" as required to state a claim under the Victims of Gender-Motivated Violence Protection Law, New York City Admin. Code §§ 10-1101 et seq.

SEVENTH DEFENSE

The Victims of Gender-Motivated Violence Protection Law, New York City Admin. Code §§ 10-1101 et seq., which was effective October 16, 2018, cannot be applied retroactively to the June 2018 alleged conduct set forth in the Complaint.

EIGHTH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations, including without limitation to the extent that (i) the revival provisions of the New York Adult Survivors Act and Victims of Gender-Motivated Violence Protection Law violate Defendant's right to due process under the 14th Amendment of the United States Constitution and Article 1, § 6 of the New York Constitution, and (ii) the revival provisions of the Victims of Gender-Motivated Violence Protection Law are preempted by state law.

NINTH DEFENSE

The Complaint is barred under the doctrine of laches. Plaintiff has waited an unreasonably long time to file this action, and thus Defendant's ability to defend the claims has been prejudiced due to this unreasonable delay, including denying him access to, among other things, documents or other physical evidence and witnesses with complete or reliable memories.

OTHER DEFENSES

Defendant reserves his right to plead any additional affirmative and other defenses as they become known during the pendency of this litigation.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant requests a trial by jury on all issues so triable.

\*       \*       \*       \*

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor against Plaintiff as follows:

    a.  Dismissing the Complaint with prejudice;

    b.  Awarding Defendant costs and expenses of this action, including attorneys' fees; and

    c.  Granting Defendant such other and further relief as the Court deems just and proper.

Dated: April 18, 2024
       New York, New York

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

By: */s/* Edward M. Spiro_____
     Edward M. Spiro
     Catherine M. Foti
     Abbe R. Ben-David
565 Fifth Avenue
New York, New York 10017
Tel: (212) 880-9460
espiro@maglaw.com
cfoti@maglaw.com
abendavid@maglaw.com

*Counsel for Defendant Neil Portnow*