## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

espiro@maglaw.com
(212) 800-9460

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 24, 2024

**VIA ECF**
Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

Re:   *Doe v. Portnow, et al.*, 24 Civ. 345 (AT)

Dear Judge Torres:

      We are attorneys for Defendant Neil Portnow.  This action was originally filed in New York Supreme Court in November 2023 and removed to this Court on January 17, 2024 (Dkt. #1).  Following denial of Plaintiff's motion to remand on April 11, 2024 (Dkt. #27), Mr. Portnow submits this pre-motion letter pursuant to Rule III(A)(i) of this Court's Individual Rules of Practice requesting that the Court enter an order directing Plaintiff—currently identified only as "JAA Doe"—to comply with Federal Rule of Civil Procedure 10 by amending the caption of the complaint to include her proper name.

      Neil Portnow is 75 years old and the former President and CEO of Defendant National Academy of Recording Arts & Sciences, Inc. (the "Academy").  Plaintiff accuses Mr. Portnow of having drugged and sexually assaulted her more than five years before bringing this lawsuit.  Plaintiff's allegations are particularly venomous, not only because they are false, but because they are belied by a trove of emails and texts reflecting Plaintiff's warm feelings toward Mr. Portnow after the alleged incident, extending to her proposal for marriage and request for his help in writing a recommendation letter for Plaintiff's immigration application.

      Moreover, while Plaintiff has sought to use anonymity as a shield against speculative harm, she has also embarked on a public relations campaign to destroy Mr. Portnow's reputation, with her attorney sitting for an interview with the New York Times, describing Mr. Portnow as "do[ing] a disservice to every woman and every musician who is being oppressed by him and others."  Ben Sisario, *Musician Sues Former Grammys Head, Accusing Him of Rape*, N.Y. TIMES (Nov. 8, 2023), https://www.nytimes.com/2023/11/08/arts/music/neil-portow-grammys-rape-lawsuit.html.  Plaintiff cannot have it both ways.  She cannot litigate her claims in the media, publicly accusing Mr. Portnow, while hiding behind a shield of anonymity.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Analisa Torres
April 24, 2024
Page 2

### I. Plaintiff's Failure to Overcome Her Burden Under Rule 10

Plaintiff cannot satisfy her high burden under Federal Rule of Civil Procedure 10 to proceed pseudonymously. Rule 10 "cannot be set aside lightly," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008), and a motion to proceed under a pseudonym may only be granted in the exceptional case, *see, e.g.*, *Doe v. Del Rio*, 241 F.R.D. 154, 160, 162 (S.D.N.Y. 2006). Based on the strong constitutional presumption toward disclosure and related principles of fundamental fairness, motions to proceed under a pseudonym should be denied, particularly where alleged victims of sexual assault bring actions against public figures. *See, e.g.*, *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528-533 (S.D.N.Y. 2021) (denying plaintiff's motion to proceed pseudonymously against actor Kevin Spacey because, *inter alia*, the public had an interest in plaintiff's identity especially because the sexual assault allegations were made against a public figure); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 92 (S.D.N.Y. 2020) (same); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) (same).

As Judge Liman aptly stated in *Doe1 v. Branca USA, Inc.*, No. 22 Civ. 3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022):

> "[a] claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously."

Courts in this Circuit look to a list of ten non-exhaustive factors identified in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) in deciding whether a plaintiff may proceed pseudonymously:

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature";
(2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties";
(3) "whether identification presents other harms";
(4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age";
(5) "whether the suit is challenging the actions of the government or that of private parties";
(6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously";
(7) "whether the plaintiff's identity has thus far been kept confidential";
(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity";
(9) "whether, because of the purely legal nature of the issues presented . . ., there is an atypically weak public interest in knowing the litigants' identities"; and
(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* (internal quotation marks and citations omitted and alterations adopted).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Analisa Torres
April 24, 2024
Page 3

Nine of the ten factors weigh in favor of public disclosure of Plaintiff's identity. As to factors two and three, Plaintiff's speculative and conclusory allegations in her state court motion to proceed anonymously that she "seeks to shield [her] identity from the stigma associated with sexual assault," (Dkt. #1 Ex. B ¶ 14), and "has kept the sexual assault out of the public sphere and fears that disclosure of [her] identity will cause further emotional distress, embarrassment, and ridicule," (*id.*) are plainly insufficient. *Branca USA, Inc.*, 2022 WL 2713543, at *4 (proffered harm should establish with specificity "the incremental injury that would result from disclosure," or provide "direct evidence linking disclosure … to a specific physical or mental injury." (internal quotation marks omitted)).

As to factors four and five, Plaintiff is not a child and is a private citizen. *See Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023). Factors eight and nine similarly weigh in favor of disclosure because the public has a significant interest in this litigation given its fact-specific nature and Mr. Portnow's fame. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019). Factor seven also weighs in favor of disclosure because Plaintiff's identity has already been disclosed to Defendants, others at the Academy, and a police department. *Branca USA, Inc.*, 2022 WL 2713543, at *4.

Factor six weighs heavily in favor of disclosure because Mr. Portnow will be—and already has been—prejudiced by Plaintiff's proceeding anonymously.[1] In determining whether a defendant will be prejudiced, courts look to three things: "[i] difficulties in conducting discovery, [ii] reputational damage, and [iii] fundamental fairness." *Doe v. Leonelli*, No. 22 Civ. 3732 (CM), 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022). Where, as here, "a case involves potentially damaging allegations, basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names." *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. March 31, 2019), *vacated on other grounds* (internal quotation marks and citations omitted); *see also Doe v. Combs*, No. 23 Civ. 10628 (JGLC), 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024) ("[W]hen one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result.'" (citations omitted)). Lastly, factor ten weighs in favor of disclosure because there exists a variety of alternative mechanisms to ensure Plaintiff's privacy interests are protected. *See Leonelli*, 2022 WL 2003635, at *5.

The only factor weighing in Plaintiff's favor is that sexual assault is of a highly sensitive and personal nature. This factor, however, is not dispositive, especially when balanced against the

---

[1] Mr. Portnow has suffered significant reputational damage, not just from the filing of the Complaint, but because of the parade of media surrounding the allegations, including interviews given by Plaintiff's attorney, with worldwide impact. *See, e.g.*, Ben Sisario, *Musician Sues Former Grammys Head, Accusing Him of Rape*, N.Y. TIMES (Nov. 8, 2023), https://www.nytimes.com/2023/11/08/arts/music/neil-portnow-grammys-rape-lawsuit.html; Herb Scribner, *Lawsuit Accuses Former Grammys President of Drugging, Raping Musician*, THE WASHINGTON POST (Nov. 8, 2023, 7:15 PM ET), https://www.washingtonpost.com/entertainment/music/2023/11/08/grammy-awards-neil-portnow-lawsuit/.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Analisa Torres
April 24, 2024
Page 4

nine other factors, and the overwhelming case law supporting disclosure. *See, e.g.*, *Branca USA, Inc.*, 2022 WL 2713543, at *5; *Weinstein*, 484 F. Supp. 3d at 95 ("Plaintiff's concerns do not outweigh the interests of both the public and [defendant] in the customary and constitutionally-embedded presumption of openness in judicial proceedings." (internal quotation marks omitted)); *see also Roe v. Does 1-11*, No. 20 Civ. 3788 (SJB), 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) ("Courts in this Circuit have denied motions to proceed anonymously made by victims of sexual assault, despite the hardship such an order imposes and the sensitivity around allegations of assault.").

## II.     The State Court Order Permitting Anonymity Is of No Effect

In this removed action, the fact that Plaintiff was permitted to proceed anonymously in state court is entitled to no weight for two reasons: first, the state court order was obtained under false pretenses; and second, the standards for proceeding anonymously in federal court are governed by federal law not state law. *See Telemundo Network Grp. LLC*, 2023 WL 6259390, at *4-8 (deciding pseudonym motion after removal).

On November 8, 2023, prior to the Academy's removal of this action, Plaintiff sought to move by order to show cause to proceed pseudonymously. (Dkt. #1 Exs. B-D). Justice Dakota Ramseur entered the order to show cause on December 1, 2023, setting a briefing schedule and requiring that Plaintiff serve "upon all Defendants" a copy of its order and Plaintiff's papers filed in connection therewith, and to file proof of service on the docket. (Dkt. #1 Ex. E). Although the Academy was served on December 1, 2023 (Dkt. # 1 Exs. F, G), Mr. Portnow was never served with the order to show cause and Plaintiff did not file proof of service as to Mr. Portnow.[2] Justice Ramseur granted Plaintiff's motion on January 4, 2024, on the ground that the motion was "unopposed," apparently not realizing that Plaintiff failed to effectuate service on Mr. Portnow. (Dkt. # 1 Ex. N). Based on a review of the docket, it is clear that Plaintiff failed to disabuse Justice Ramseur of the belief that Plaintiff had complied with the requirement to serve the motion on *all* Defendants. (*See* Dkt. #1 Ex. E).

## III.    Conclusion

In view of the foregoing, Mr. Portnow respectfully requests that this Court direct Plaintiff to amend the caption in this action to include her true identity.

Respectfully yours,

*Edward M. Spiro*

Edward M. Spiro
Catherine M. Foti
Abbe R. Ben-David

---

[2] Mr. Portnow was not served with the summons and complaint until January 29, 2024, after removal of this action. (*See* Dkt. #16).