JEFF ANDERSON & ASSOCIATES PA
REACHING ACROSS TIME FOR JUSTICE

May 1, 2024

**FILED VIA ECF**

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

Re:   *JAA Doe v. Portnow et al.*, Docket No. 1:24-cv-00345 (AT)

Dear Judge Torres:

We write, pursuant to this Court's Individual Rules of Practice Rule III(A)(ii), in response to Defendant Neil Portnow's pre-motion letter for an order directing Plaintiff to amend the caption to include her true name. Plaintiff does not consent to Portnow's request.

As the Court is aware, this matter was removed from New York State Supreme Court. In the original venue selected by Plaintiff, Plaintiff filed an application to proceed under a pseudonym and it was approved.[1] Allowing plaintiffs to use a

---

[1] The state court signed the Order to Show Cause allowing Plaintiff one day to serve Defendants. Despite this ambitious deadline, Plaintiff served the Recording Academy and attempted service at Portnow's home, where the process server was told he does not reside. The Recording Academy did not oppose Plaintiff's application. Portnow should not be able to use his evasion of service as both a sword and a shield. He was well-aware of the lawsuit almost two months prior to anonymity being granted and failed to take any action to either contest Plaintiff's application or seek reconsideration after it was granted. *See* November 8, 2023, Entertainment Weekly Article available at https://ew.com/music/ex-grammys-ceo-neil-portnow-formally-accused-of-rape-in-new-lawsuit/ (last accessed on May 1, 2024) (includes comments on lawsuit from Portnow's representatives). Plaintiff attempted service on Defendant Portnow six times at two addresses before learning that he had retained attorneys. Only then was service accomplished through counsel in January 2024.

ATTORNEYS

JEFFREY R. ANDERSON
Minnesota / Wisconsin
Illinois / Colorado
New York / Pennsylvania
New Jersey

MICHAEL FINNEGAN
Minnesota / Wisconsin
California / New York

MIKE RECK
California / New York
Texas / Pennsylvania

ELIN LINDSTROM
Minnesota / Wisconsin
New York

TRUSHA GOFFE
Minnesota
Washington DC
New Jersey / New York

PATRICK STONEKING
Minnesota / Wisconsin
New York / North Dakota

JOSH PECK
Minnesota

MOLLY BURKE
Minnesota

JENNIFER STEIN
California

NAHID SHAIKH
New York / New Jersey

TAYLOR STIPPEL SLOAN
Minnesota / New York

STACEY BENSON
Minnesota / New York

NEDA LOTFI
California

SAM COLICH
Minnesota

CLAYTON HINRICHS
Minnesota

JACK BOYD
New Jersey / Missouri
New York

ALEXIS REDD
New York / New Jersey

RENEE CASTAGNA
California

KARIN LANG
California

PARKER ESTENSON
California

1

OFFICE 651.227.9990 / FAX: 651.297.6543 / www.AndersonAdvocates.com / MAIN OFFICE 366 JACKSON STREET, SUITE 100 / ST. PAUL MN 55101
OFFICE LOCATIONS: Minnesota / California / Illinois / New York

pseudonym has become an accepted practice for sexual assault victims in New York state court. *See Doe v. Lewis*, 2023 WL 4305005 (Sup. Ct. N.Y. Cnty. June 26, 2023); *ARK31 Doe v. Archdiocese of New York*, 2019 N.Y. Slip Op. 33350[U], 2019 WL 5858094 (Sup. Ct. N.Y. Cnty. 2019); *ARK1 Doe v. Archdiocese of New York, et al.,* Index No. 950035/2019 (Sup. Ct. N.Y. Cnty. Oct. 8, 2019); *Doe v. N.Y.U.*, 786 N.Y.S.2d 892, 904 (Sup. Ct. N.Y. Cnty. 2004). Contrary to Defendant's assertions, the State Court decision is not only persuasive, but it is the law of the case. *See Collins v. Indart-Etienne*, 59 Misc. 1026 (Sup. Ct. Kings Cnty. 2018).

Should the Court consider the remainder of Defendant's argument, Plaintiff should still be allowed to continue her case under a pseudonym. Courts permit parties to proceed pseudonymously where special circumstances warrant anonymity. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438-39 (S.D.N.Y. 1988). This Court and others in the district have recognized that anonymity is appropriate in cases involving sexual assault. *Doe v. Cruz*, 2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006).

In determining whether Plaintiff should be afforded public anonymity, courts consider the facts of each particular case and balance several factors, including but not limited to:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms ...; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ...; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are

any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations and quotations omitted). These factors weigh in Plaintiff's favor.

All ten factors weigh in favor of Plaintiff remaining as a Jane Doe. First, the premise of this litigation is the sexual assault of Plaintiff by this Defendant, a matter of the utmost sensitive and personal nature. As to the second, third, and fourth factors, public identification puts Plaintiff at risk of retaliatory harm, personally and professionally. As stated in Plaintiff's underlying application to use a pseudonym, Plaintiff "fears that disclosure of her identity will cause further emotional distress, embarrassment, and ridicule." *See JAA Doe v. Neil Portnow, et al.,* Index No. 952242/2023, Dkt. No. 1, Ex. B, Affirmation in Support of Order to Show Cause, ¶ 14 (Nov. 8, 2024).

As to factors five, eight, and nine, Plaintiff's suit does not challenge the actions of a government. Rather, it is a dispute between private citizens. At least one court has held that this factor weighs in favor of the plaintiff. *See ARK31 Doe v. Archdiocese of New York*, 2019 WL 5858094 (Sup. Ct. N.Y. Cnty. Nov. 8, 2019) ("this case has not been brought against a government entity, a factor this court believes would militate in favor of the public's right to know"). Moreover, the public's interest is furthered by affording Plaintiff anonymity. Forcing survivors of sexual violence to reveal their identities is counterproductive to the legislature's purpose and intent of in passing the Adult Survivors Act under which Plaintiff brings her claims. While there is a public interest in accountability for these types of harms, knowing Plaintiff's identity does nothing to further that interest. Indeed, it would serve the purpose of deterring survivors from bringing claims. Regarding the sixth and tenth factors, Defendant has not demonstrated sufficient prejudice or an alternative mechanism for protecting Plaintiff's confidentiality. Defendant argues that the very fact

of this lawsuit has prejudiced him. But this is not the first time Defendant Portnow has been publicly accused of sexually assaulting Plaintiff[2], and Defendant's representatives have chosen to wage its defense in the media.[3] The reality is that these allegations remain public whether Plaintiff's name is or is not. For these reasons, Defendant has not satisfied its burden. Further, Defendant simply ignores the tenth factor, likely because he has no argument to support his position. There is no alternative mechanism for protecting the confidentiality of Plaintiff if she is forced to amend the complaint caption to include her name. She would be left with no recourse to protect her confidentiality.

Finally, as to the seventh factor, Plaintiff's identity has been protected from public disclosure thus far. While it is true that Defendants have been made aware of the identity, as is their right, this hardly equates to public disclosure, as Defendant suggests. Plaintiff has not widely disclosed what happened to her, for the same fears of stigma and emotional distress, that form the basis for her request of anonymity in this public proceeding.

For these reasons, Plaintiff does not consent to the relief requested by Defendant. Thank you for your time and consideration.

Respectfully yours,

Jeffrey R. Anderson
jeff@andersonadvocates.com

JA:sc

---

[2] Deborah Duggan, ex-CEO of Defendant Recording Academy filed an EEOC complaint against the Recording Academy in 2020. In that complaint, Duggan alleges that Portnow sexually assaulted "a female recording artist," referring to Plaintiff without disclosing her identity. Portnow responded to those allegations in the media. https://variety.com/2020/music/news/deborah-dugan-lawsuit-grammy-recording-academy-1203474490/ (last accessed May 1, 2024).
[3] https://apnews.com/article/portnow-grammys-sexual-assault-recording-academy-17c23cc93aeb1a5cebf4392956aca494 (last accessed May 1, 2024)