Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 6, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

<u>By ECF and Email</u>

Honorable Analisa Torres, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re: <u>Doe v. Portnow, et al</u>.; Civil Action No. 1:24-cv-00345

Dear Judge Torres,

We represent Defendant National Academy of Recording Arts & Sciences, Inc. (the "Academy") in the above-referenced matter and write, in accordance with Rule III(A) of this Court's Individual Rules, to set forth the basis for the Academy's proposed Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 34) against the Academy in its entirety.[1]

Plaintiff has alleged negligent hiring, supervision, and retention claims, as well as a New York City Gender-Motivated Violence Act ("GMVA") claim against the Academy, based on acts allegedly committed by the Academy's former CEO and President Neil Portnow ("Portnow") against Plaintiff in June 2018. All of Plaintiff's claims fail as a matter of law for the reasons set forth herein.

### I.     <u>Plaintiff's Negligent Hiring, Supervision, and Retention Claims Fail.</u>

Plaintiff's negligent hiring, supervision, and retention claims fail as a matter of law and will be dismissed on a motion to dismiss.

First, Plaintiff alleges <u>no</u> evidence (because there is none) that the Academy had any knowledge of alleged similar acts committed by Portnow prior to the alleged June 2018 assault. This dooms all three negligence claims. *See, e.g.*, *Doe v. Uber Techs., Inc*., 551 F. Supp. 3d 341, 362 (S.D.N.Y. 2021) (dismissing negligent hiring/supervision claims); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680-681 (S.D.N.Y. 2014) (same dismissing negligent supervision/retention claims). Plaintiff attempted to cure her deficiency in the Amended Complaint – citing no factual basis whatsoever – by now alleging that Portnow "sexually assaulted another woman" in approximately 1977 when he was an employee at another organization. (Compl. ¶¶52-57).

---

[1] In accordance with Rule III.B of this Court's Individual Rules, the Academy served a letter on Plaintiff on April 18, 2024. Although Plaintiff subsequently amended her complaint on April 25, 2024, the amendments do not resolve the deficiencies noted in the Academy's April 18, 2024 letter and dismissal is still warranted.

**Proskauer»**

Honorable Analisa Torres, U.S.D.J.
May 6, 2024
Page 2

Plaintiff alleges that because of this apparent incident, the Academy "knew or should have known of Portnow's propensity to commit sexual assault." (Compl. ¶52).  However, even with these dubious additions in the Amended Complaint, Plaintiff still alleges **no** evidence that the Academy had knowledge of Portnow having any propensity to commit sexual assault prior to hiring him.  Plaintiff does not allege that the Academy was aware of the alleged 1977 assault, which purportedly took place while he was employed with another organization and approximately 25 years before he commenced his employment with the Academy.

As to the negligent hiring claim, there is also "no common-law duty to institute specific procedures for hiring employees." *Bouchard v. New York Archdiocese*, 719 F. Supp. 2d 255, 262 (S.D.N.Y. 2010); *see also Capak v. St. Execs Mgmt.*, No. 20-CV-11079 (RA), 2021 WL 2666007, at *4 (S.D.N.Y. June 29, 2021) (negligent hiring claim requires alleging employer had "knowledge of facts that would lead a reasonably prudent person to investigate the prospective employee."). The Complaint merely makes conclusory assertions that Plaintiff would not have been harmed had the Academy "taken reasonable care" in its pre-hiring investigation. (Compl. ¶¶83, 94).  Nor does the Complaint allege a pre-hiring investigation – which was not required – would have even revealed this alleged assault had one been conducted. *See Koran I. v. New York City of Bd. of Educ.*, 256 A.D.2d 189, 191–92, 683 N.Y.S.2d 228, 230 (1998) (dismissing negligent hiring claim where routine background check would not have revealed propensity to engage in sexual assault).  This remains wholly insufficient. *See Shainwald*, *v. Pros. for Non-Profits, Inc.*, 62 Misc. 3d 1221(A), 113 N.Y.S.3d 828 (N.Y. Sup. Ct. 2019) (dismissing negligent hiring claim where complaint failed to allege existence of a criminal record or any facts that would have led a reasonable person to investigate the individual); *Capak*, 2021 WL 2666007, at *4 (same where "complaint is devoid of any facts tending to show that, at the time [the individual] was hired, he had a propensity for violence that was known to [Defendants]").

Plaintiff's negligent supervision and retention claims fail for the same reason – Plaintiff does not assert any facts that the Academy obtained any such knowledge regarding any purported propensity to commit sexual assault between Portnow's hiring in 2002 and the alleged assault in June 2018.  To be liable for negligent supervision and retention in sexual misconduct cases, an employer must be "aware of specific prior acts or allegations against the employee." *Uber Techs., Inc.*, 551 F.Supp.3d at 362; *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015) (dismissing negligent supervision claim).  Here, Plaintiff merely relies "upon information and belief," (Compl. ¶6) and otherwise makes conclusory assertions that the Academy failed to institute effective training, education, procedures, or policies (Compl. ¶¶87, 90, 92, 97); failed to "supervise and/or monitor" Portnow (Compl. ¶¶90-92, 97), and continued to employ him, providing him authority and access to commit the acts Plaintiff alleges. (Compl. ¶¶86, 89, 93, 94, 98).

Plaintiff's allegations that she informed the Academy in October 2018 of her alleged assault (Compl. ¶60) or that former Academy President and CEO Deborah Dugan was informed in 2019 of the same alleged assault (Compl. ¶¶66-69), do not save Plaintiff's claims because both occurred *after* the alleged assault and do not establish that the Academy had relevant knowledge

**Proskauer**

Honorable Analisa Torres, U.S.D.J.
May 6, 2024
Page 3

prior to the alleged assault. And Plaintiff's conclusory and generalized assertion – unrelated to Portnow – that the Academy "had a history of sexual harassment in its organization prior to [the alleged assault]," (Compl. ¶96), is again unsupported by any alleged facts and is further insufficient as a matter of law to establish a negligent supervision or retention claim.

To the extent Plaintiff's negligent retention claim is based on Portnow's continued employment following Plaintiff's October 2018 report of the alleged assault, it too fails because retaining Portnow after October 2018 did not cause any harm to Plaintiff. *See Kaupp v. Church*, No. 10 CIV. 7559 JFK, 2011 WL 4357492, at *3 (S.D.N.Y. Sept. 19, 2011). Nor does Plaintiff's allegation that Dugan refused to engage Portnow as a consultant in 2019 (Compl. ¶69) support any negligence claim. The Academy *did not* engage Portnow, nor has Plaintiff alleged any injury after June 2018.

All three negligence claims should also be dismissed because Plaintiff does not allege that the alleged assault occurred on the Academy's premises or with the Academy's chattel. Rather, Plaintiff alleges that the assault occurred in a hotel room, and her allegation that Portnow gifted her a GRAMMY® t-shirt and CD is insufficient to meet the chattels requirement. *See, e.g., Alsaud*, 12 F. Supp. 3d at 681 (dismissing negligent supervision and retention claims where sexual misconduct occurred at hotel); *Doe v. Indyke*, 465 F. Supp. 3d 452, 469 (S.D.N.Y. 2020) (dismissing negligent supervision claim where chattel allegations were conclusory); *Canosa v. Ziff*, No. 18 CIV. 4115 (PAE), 2019 WL 498865, at *16 (S.D.N.Y. Jan. 28, 2019) (chattel element not satisfied even assuming employer paid for hotel room in which assault occurred).

Lastly, Plaintiff's assertion that Portnow was acting within the scope of his employment when committing the alleged assault (Compl. ¶82) is irrelevant to her claims because an employee cannot be acting within the scope of employment for negligent supervision or retention claims. *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 129 (2d Cir. 2019).[2] And contrary to Plaintiff's conclusory assertions (Compl. ¶¶84, 94), no duty arises merely from employing Portnow or from Plaintiff being an Academy member, nor did the alleged assault occur at an Academy event, and even if it did, the Complaint fails to plead facts that such an assault would have been foreseeable to the Academy as required to state a claim. *See Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594 (CJS), 2018 WL 2100605, at *28 (W.D.N.Y. May 7, 2018). Similarly, Plaintiff's assertion that the Academy had a duty arising from its promotion of people and programs as being "safe and trustworthy" (Compl. ¶85), fails because the alleged incident did not occur at an Academy program or event nor are there any facts pled that it was at all foreseeable to the Academy.

---

[2] Plaintiff has not asserted her sexual battery claim against the Academy, but even if she had, case law is clear that an employee's alleged sexual misconduct does not fall within the scope of employment. *See Alsaud*, 12 F.Supp.3d at 677.



Honorable Analisa Torres, U.S.D.J.
May 6, 2024
Page 4

## II.  Plaintiff's GMVA Claim Fails.

Plaintiff's GMVA claim against the Academy fails for several reasons.

First, the GMVA amendment to include claims against third parties did not become effective until January 2022.  And, the statute is not retroactive. *See Louis v. Niederhoffer*, No. 23-CV-6470, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 23, 2023) (the GMVA is "not the type of statute that would be given retroactive effect."); *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998) (applying new amendment retroactively is not favored).  Consequently, conduct occurring in June 2018 cannot support a GMVA claim against the Academy.  *See Louis*, 2023 WL 8777015, at *2 (dismissing claim where conduct predated GMVA enactment); *Adams v. Jenkins*, 15745/03, 2005 WL 6584554 (N.Y. Sup. Ct. Apr. 22, 2005) (same).  Nor can the Adult Survivors Act revive such a claim. *See Louis*, 2023 WL 8777015.

Second, Plaintiff's GMVA claim fails because Plaintiff cannot establish the essential elements of a GMVA claim.  For example, Plaintiff merely recites that the Academy "aided and abetted the conduct" (Compl. ¶7) and "cause[d], enable[d], and participate[d] in the alleged assault (Compl. ¶106) without alleging any facts indicating the Academy's involvement in the alleged misconduct and containing only generalized allegations concerning purported gender animus by Portnow, not the Academy. *See Herman v. City of New York*, No. 15-cv-3059 (JG), 2016 WL 901667, at *2 (E.D.N.Y. Mar. 9, 2016) ("A complaint cannot escape the charge that it is entirely conclusory in nature merely by quoting . . . words from the statutes . . . ." (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972))).  Further, the legislative history of the GMVA makes clear it was meant to cover instances in which institutions became aware of sexual assault allegations against an employee without sufficiently acting to prevent similar occurrences by that employee in the future.[3]  As outlined above with regards to the negligence claims, Plaintiff asserts no such allegations.

For the above-stated reasons and controlling authority, the entirety of Plaintiff's claims against the Academy warrant dismissal, and the Academy respectfully seeks this Court's permission to file a motion to dismiss.[4]

---

[3] *See, e.g.*, City Council of New York Hearing Transcript Nov. 29, 2021, pp. 99:24-100:7 ("What is crazies[t] to me is that . . . his employer had known about his deplorable and sick actions from as early as 1994 and what happened to me never needed to happen if the . . . institution had taken action that would have been appropriate at the time . . ."); *id*. at 131:11-15 (referencing employers who shielded [perpetrators] after learning of alleged incidents).

[4] The Recording Academy also plans on seeking a stay of discovery pending resolution of the motion to dismiss. Given the strength of the Recording Academy's motion to dismiss, the Recording Academy believes that it should not have to incur the burden and expense of discovery.

**Proskauer**

Honorable Analisa Torres, U.S.D.J.
May 6, 2024
Page 5

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (via ECF and email)