UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| JAA DOE,<br><br>   *Plaintiff*,<br><br>v.<br><br>NEIL PORTNOW; NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.; DOES 1-5 whose identities are unknown to Plaintiff,<br><br>   *Defendants*. | Case No. 1:24-cv-00345-AT<br><br>**AFFIRMATION OF JEFFREY R. ANDERSON IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

  Jeffrey R. Anderson, being first duly sworn on oath, affirms and states as follows:

  1. My law firm is currently attorneys of record for Plaintiff.

  2. I respectfully submit this Affirmation in support of the motion to be relieved as attorneys of record for Plaintiff, pursuant to Local Civil Rule 1.4 and Rule 1.16 of the New York Rules of Professional Conduct.

  3. Local Rule 1.4 states that "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement…"

  4. Courts in the Southern District have held that "satisfactory reasons for withdrawal" include the existence of an irreconcilable conflict between an attorney and their client. *Tufano v. City of New York*, 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) citing *Generale Bank, New York Branch v. Wassel*, 1992 WL 42168, at *1 (S.D.N.Y. Feb. 24, 1992); *see also Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08 Civ. 6469, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) (satisfactory reasons include a lack of cooperation and the existence of an irreconcilable

conflict); *Emile v. Browner*, 95 Civ. 3836, 1996 WL 724715 at *1 (S.D.N.Y. Dec.17, 1996) (a breakdown in the attorney-client relationship is a more than sufficient reason for counsel to be relieved).

5. The attorney-client relationship has deteriorated beyond repair and warrants withdrawal. Unbeknownst to Counsel, Plaintiff filed a letter on this Court's docket requesting voluntary dismissal of her case. *See* Doc. No. 37. While the characterization of statements made in the letter is in dispute, Plaintiff's action in filing it demonstrates the irreconcilable differences that provide a basis for withdrawal.

6. To the extent the Court requires additional information in order to consider this request, we remain available to provide such information *in-camera*.[1]

7. Withdrawal is permitted under New York's Rules of Professional Responsibility Rule 1.16(c).

8. Counsel's withdrawal can be accomplished without material adverse effect on the interests of Plaintiff. This is particularly true given that the case is in the pre-discovery stage.

9. Prior to making this motion, Counsel advised Plaintiff, orally and in writing, that there were grounds for Counsel to seek to withdraw.

10. Counsel took reasonable steps to protect Plaintiff's interests and the integrity of her case, advised Plaintiff of the grounds for seeking withdrawal, and advised Plaintiff that counsel sought to withdraw.

---

[1] "[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw." *Weinberger v. Provident Life & Cas. Ins. Co.*, 97 Civ. 9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998).

11. Withdrawal will not unduly prejudice Plaintiff or cause substantial delay in these proceedings.

12. Currently pending before the Court are pre-motion letters exchanged between counsel for Plaintiff and Defendant Portnow, and a pre-motion letter filed by Defendant Recording Academy, to which Plaintiff has five business days to respond. Additionally, pursuant to the Court's Initial Pretrial Scheduling Order, the parties are directed to submit a Case Management Plan and Scheduling Order by May 13, 2024. A brief extension of impending deadlines will sufficiently address any prejudice to Plaintiff caused by withdrawal without inviting substantial delay to the proceedings.

13. Counsel is not asserting a retaining or charging lien.

14. For the foregoing reasons, Jeff Anderson & Associates respectfully requests that the Court grant its motion to withdraw as counsel for Plaintiff.

Dated: New York, New York
May 6, 2024

/s/ Jeffrey R. Anderson
Jeffrey R. Anderson
Trusha Goffe
Nahid Shaikh
**JEFF ANDERSON & ASSOCIATES, P.A.**
363 7th Ave., 12th Floor
New York, NY 10001
Telephone: (646) 759-2551
Email: *Jeff@AndersonAdvocates.com*
Email: *Trusha@AndersonAdvocates.com*
Email: *Nahid@AndersonAdvocates.com*

*Counsel for Plaintiff*