RECEIVED
SDNY PRO SE OFFICE
2024 MAY -9 AM 8:28

URGENT !!!

My attorney withdrew his representation of me suddenly.

I filed Voluntary Dismissal by Pro Se Email 05/05/2024 Sunday
( Attached the dismissal request file)

I didn't put my personal contact info because I was filed with JAA Doe.

Therefore, I send my contact info separately here.

This URGENT situation by May 9th. (Pretrial is May 13th, Monday)

THANK YOU.

Sincerely,
JAA Doe.


Docket : 1: 24- cv- 003345

Defendant: Neil Portnow & The National Recording Academy of Arts and Science

IH-34                                                                                                       Rev:2014-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JAA Doe**                                                      Docket: 1:24-cv-00345

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

1:24 CV 00345 (____)(____)

-against-

**Neil Portnow,**                                                NOTICE OF CHANGE OF
_____                                  ADDRESS    *Pro Se*

National Academy of Recording Arts and Sciences
_____
(List the full name(s) of the defendant(s)/respondent(s).)

I hereby notify the Court that my address has changed to the following:

**JAA Doe**
_____
Name (Last, First, MI)

| 99 Wall Street, #5789 | New York | NY | 10005 |
|---|---|---|---|
| Address | City | State | Zip Code |

| 631-980-2205 | janedoesongs977@gmail.com |
|---|---|
| Telephone Number | E-mail Address (if available) |

| 05/06/2024 | s/JAA Doe |
|---|---|
| Date | Signature |

RECEIVED
SDNY PRO SE OFFICE
2024 MAY -9 AM 8: 28

JAA Doe, The Plaintiff
Case No.: 1:24-cv-00345 AT


VIA Email
Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312


May 4th, 2024


### Re: Request for Voluntary Dismissal Without Prejudice

### Docket: Doe v. Portnow, et al., 24 Civ. 345 (AT)


Dear Judge Torres:

I am writing to respectfully request the voluntary dismissal of the above-captioned case without prejudice. As the plaintiff, JAA Doe, I believe this course of action is in the best interest of all parties involved. I have valid reasons for seeking dismissal.

**Privacy Concerns:** Unfortunately, my attorney's recent opposition on May 1st to the defendant's motion did not accurately reflect my position. This misrepresentation has significant implications for the case. I am deeply concerned about its impact.

**Attorney's withdrawal and procedural transparency:** My attorney resigned on May 1st without procedural transparency, properly notifying me, and refused to notify the court saying: *"We believe that the best route would be for you to find a new attorney so that we can facilitate a transfer of representation without the Court being involved."* via letter on May 1st, 2024, Jeff Anderson. Also, I was not given any introductions that I had requested to my lawyer Jeff Anderson in court procedure to change counsel before his resignation. This misrepresentation has significant implications for the case, and I am deeply concerned about its impact.

**Safety Considerations:** After a long radio silent removal process to the Federal Court for 3 months, April 25th, I was urgently invited to a meeting by my lawyer and his team, and advised that Judge will grant the defendant motion to reveal my name in public, and I would face harm or retaliation if my identity

becomes known, and also continuing the case could harm me further or pose a risk of retaliation saying : *"The May 1, 2024 deadline is to respond to the letter sent by Portnow's attorneys. If you choose to say that you will not agree to using your name publicly, they will then file a motion and get a ruling from the Court. As we discussed yesterday, our view is that they will prevail on that motion and your name will be made public which will cause harm to you and your reputation." - via email by the attorney Trusha Guffe on Apr 26, 2024, ... "Now that the defendants brought your case into the federal court where your anonymity and your name can no longer be protected, you are faced and we are faced with the possibility of grave further harm."- via letter by the attorney Jeff Anderson on April 26, 2024.* And he confusingly expressed he would resign from representation, whether to use anonymity or not, whether to drop the case or not at the same meeting on April 26. 2024.

I immediately requested information such as disclosure of case information, court procedures and timelines about changing counsel, case status, extension of time to answer the motion, answer to my questions such as the defendants motion stating problematic and untruth, and recently updated amended complaint and the reply to the complaint by defendant and so on. However, the lawyer and his team ignored my requests, and all the communications with this law team members confused me, and forced me to attend another meeting without clearly notifying me the meeting purpose. And on May 1st, he proceeded with the case without my agreement saying: *"(responds to the motion) The letter filed with the Court today effectively gives you time to get a new lawyer. –via letter, Jeff Anderson,* along with his resignation letter on May 1st, 2024.

The circumstances surrounding this case have created a genuine concern for my safety, and emotional well-being. Dismissing the case would alleviate this fear and allow me to move forward without unnecessary risks.

**In conclusion**, unfortunately, I am unable to proceed with the case. The urgency due to the defendant's motion and urgent court decisions and impending deadlines necessitate swift action. However, due to these serial traumatic events following my attorney's withdrawal, and fear of potential grave harm as advised by the attorneys, it is impossible for me to proceed with the case in all aspects.

Wherefore, I kindly ask for your consideration in granting the voluntary dismissal without prejudice. As the plaintiff, JAA Doe, I am not able to proceed with the case. I believe this course of action is in the best interest of all parties involved. I respectfully request that this court grant my motion to dismiss voluntarily without prejudice. I sincerely appreciate the court's attention to this matter.

Sincerely,

s/JAA Doe

JAA Doe,
The Plaintiff
Case No.: 1:24-cv-00345 AT

EXHIBIT A

# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO\*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK†
JONATHAN S. SACK\*\*
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

espiro@maglaw.com
(212) 800-9460

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

\*ALSO ADMITTED IN WASHINGTON D.C.
\*\*ALSO ADMITTED IN CONNECTICUT

April 24, 2024

**VIA ECF**
Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

      Re:    *Doe v. Portnow, et al.*, 24 Civ. 345 (AT)

Dear Judge Torres:

      We are attorneys for Defendant Neil Portnow. This action was originally filed in New York Supreme Court in November 2023 and removed to this Court on January 17, 2024 (Dkt. #1). Following denial of Plaintiff's motion to remand on April 11, 2024 (Dkt. #27), Mr. Portnow submits this pre-motion letter pursuant to Rule III(A)(i) of this Court's Individual Rules of Practice requesting that the Court enter an order directing Plaintiff—currently identified only as "JAA Doe"—to comply with Federal Rule of Civil Procedure 10 by amending the caption of the complaint to include her proper name.

      Neil Portnow is 75 years old and the former President and CEO of Defendant National Academy of Recording Arts & Sciences, Inc. (the "Academy"). Plaintiff accuses Mr. Portnow of having drugged and sexually assaulted her more than five years before bringing this lawsuit. Plaintiff's allegations are particularly venomous, not only because they are false, but because they are belied by a trove of emails and texts reflecting Plaintiff's warm feelings toward Mr. Portnow after the alleged incident, extending to her proposal for marriage and request for his help in writing a recommendation letter for Plaintiff's immigration application.

      Moreover, while Plaintiff has sought to use anonymity as a shield against speculative harm, she has also embarked on a public relations campaign to destroy Mr. Portnow's reputation, with her attorney sitting for an interview with the New York Times, describing Mr. Portnow as "do[ing] a disservice to every woman and every musician who is being oppressed by him and others." Ben Sisario, *Musician Sues Former Grammys Head, Accusing Him of Rape*, N.Y. TIMES (Nov. 8, 2023), https://www.nytimes.com/2023/11/08/arts/music/neil-portow-grammys-rape-lawsuit.html. Plaintiff cannot have it both ways. She cannot litigate her claims in the media, publicly accusing Mr. Portnow, while hiding behind a shield of anonymity.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Analisa Torres
April 24, 2024
Page 2

## I. Plaintiff's Failure to Overcome Her Burden Under Rule 10

Plaintiff cannot satisfy her high burden under Federal Rule of Civil Procedure 10 to proceed pseudonymously. Rule 10 "cannot be set aside lightly," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008), and a motion to proceed under a pseudonym may only be granted in the exceptional case, *see, e.g., Doe v. Del Rio*, 241 F.R.D. 154, 160, 162 (S.D.N.Y. 2006). Based on the strong constitutional presumption toward disclosure and related principles of fundamental fairness, motions to proceed under a pseudonym should be denied, particularly where alleged victims of sexual assault bring actions against public figures. *See, e.g., Rapp v. Fowler*, 537 F. Supp. 3d 521, 528-533 (S.D.N.Y. 2021) (denying plaintiff's motion to proceed pseudonymously against actor Kevin Spacey because, *inter alia*, the public had an interest in plaintiff's identity especially because the sexual assault allegations were made against a public figure); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 92 (S.D.N.Y. 2020) (same); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) (same).

As Judge Liman aptly stated in *Doe1 v. Branca USA, Inc.*, No. 22 Civ. 3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022):

> "[a] claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously."

Courts in this Circuit look to a list of ten non-exhaustive factors identified in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) in deciding whether a plaintiff may proceed pseudonymously:

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature";
(2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties";
(3) "whether identification presents other harms";
(4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age";
(5) "whether the suit is challenging the actions of the government or that of private parties";
(6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously";
(7) "whether the plaintiff's identity has thus far been kept confidential";
(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity";
(9) "whether, because of the purely legal nature of the issues presented . . ., there is an atypically weak public interest in knowing the litigants' identities"; and
(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* (internal quotation marks and citations omitted and alterations adopted).

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

Honorable Analisa Torres
April 24, 2024
Page 3

      Nine of the ten factors weigh in favor of public disclosure of Plaintiff's identity. As to factors two and three, Plaintiff's speculative and conclusory allegations in her state court motion to proceed anonymously that she "seeks to shield [her] identity from the stigma associated with sexual assault," (Dkt. #1 Ex. B ¶ 14), and "has kept the sexual assault out of the public sphere and fears that disclosure of [her] identity will cause further emotional distress, embarrassment, and ridicule," (*id.*) are plainly insufficient. *Branca USA, Inc.*, 2022 WL 2713543, at *4 (proffered harm should establish with specificity "the incremental injury that would result from disclosure," or provide "direct evidence linking disclosure ... to a specific physical or mental injury." (internal quotation marks omitted)).

      As to factors four and five, Plaintiff is not a child and is a private citizen. *See Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023). Factors eight and nine similarly weigh in favor of disclosure because the public has a significant interest in this litigation given its fact-specific nature and Mr. Portnow's fame. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019). Factor seven also weighs in favor of disclosure because Plaintiff's identity has already been disclosed to Defendants, others at the Academy, and a police department. *Branca USA, Inc.*, 2022 WL 2713543, at *4.

      Factor six weighs heavily in favor of disclosure because Mr. Portnow will be—and already has been—prejudiced by Plaintiff's proceeding anonymously.[1] In determining whether a defendant will be prejudiced, courts look to three things: "[i] difficulties in conducting discovery, [ii] reputational damage, and [iii] fundamental fairness." *Doe v. Leonelli*, No. 22 Civ. 3732 (CM), 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022). Where, as here, "a case involves potentially damaging allegations, basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names." *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. March 31, 2019), *vacated on other grounds* (internal quotation marks and citations omitted); *see also Doe v. Combs*, No. 23 Civ. 10628 (JGLC), 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024) ("[W]hen one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result.'" (citations omitted)). Lastly, factor ten weighs in favor of disclosure because there exists a variety of alternative mechanisms to ensure Plaintiff's privacy interests are protected. *See Leonelli*, 2022 WL 2003635, at *5.

      The only factor weighing in Plaintiff's favor is that sexual assault is of a highly sensitive and personal nature. This factor, however, is not dispositive, especially when balanced against the

---

[1] Mr. Portnow has suffered significant reputational damage, not just from the filing of the Complaint, but because of the parade of media surrounding the allegations, including interviews given by Plaintiff's attorney, with worldwide impact. *See, e.g.*, Ben Sisario, *Musician Sues Former Grammys Head, Accusing Him of Rape*, N.Y. TIMES (Nov. 8, 2023), https://www.nytimes.com/2023/11/08/arts/music/neil-portow-grammys-rape-lawsuit.html; Herb Scribner, *Lawsuit Accuses Former Grammys President of Drugging, Raping Musician*, THE WASHINGTON POST (Nov. 8, 2023, 7:15 PM ET), https://www.washingtonpost.com/entertainment/music/2023/11/08/grammy-awards-neil-portnow-lawsuit/.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Honorable Analisa Torres
April 24, 2024
Page 4

nine other factors, and the overwhelming case law supporting disclosure. *See, e.g., Branca USA, Inc.*, 2022 WL 2713543, at *5; *Weinstein*, 484 F. Supp. 3d at 95 ("Plaintiff's concerns do not outweigh the interests of both the public and [defendant] in the customary and constitutionally-embedded presumption of openness in judicial proceedings." (internal quotation marks omitted)); *see also Roe v. Does 1-11*, No. 20 Civ. 3788 (SJB), 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) ("Courts in this Circuit have denied motions to proceed anonymously made by victims of sexual assault, despite the hardship such an order imposes and the sensitivity around allegations of assault.").

## II. The State Court Order Permitting Anonymity Is of No Effect

In this removed action, the fact that Plaintiff was permitted to proceed anonymously in state court is entitled to no weight for two reasons: first, the state court order was obtained under false pretenses; and second, the standards for proceeding anonymously in federal court are governed by federal law not state law. *See Telemundo Network Grp. LLC*, 2023 WL 6259390, at *4-8 (deciding pseudonym motion after removal).

On November 8, 2023, prior to the Academy's removal of this action, Plaintiff sought to move by order to show cause to proceed pseudonymously. (Dkt. #1 Exs. B-D). Justice Dakota Ramseur entered the order to show cause on December 1, 2023, setting a briefing schedule and requiring that Plaintiff serve "upon all Defendants" a copy of its order and Plaintiff's papers filed in connection therewith, and to file proof of service on the docket. (Dkt. #1 Ex. E). Although the Academy was served on December 1, 2023 (Dkt. # 1 Exs. F, G), Mr. Portnow was never served with the order to show cause and Plaintiff did not file proof of service as to Mr. Portnow.[2] Justice Ramseur granted Plaintiff's motion on January 4, 2024, on the ground that the motion was "unopposed," apparently not realizing that Plaintiff failed to effectuate service on Mr. Portnow. (Dkt. # 1 Ex. N). Based on a review of the docket, it is clear that Plaintiff failed to disabuse Justice Ramseur of the belief that Plaintiff had complied with the requirement to serve the motion on *all* Defendants. (*See* Dkt. #1 Ex. E).

## III. Conclusion

In view of the foregoing, Mr. Portnow respectfully requests that this Court direct Plaintiff to amend the caption in this action to include her true identity.

Respectfully yours,

*Edward M. Spiro*

Edward M. Spiro
Catherine M. Foti
Abbe R. Ben-David

---

[2] Mr. Portnow was not served with the summons and complaint until January 29, 2024, after removal of this action. (*See* Dkt. #16).

# EXHIBIT B

Case 1:24-cv-00345-AT   Document 35   Filed 05/01/24   Page 1 of 4



# JEFF ANDERSON & ASSOCIATES PA

REACHING ACROSS TIME FOR JUSTICE

May 1, 2024

**FILED VIA ECF**

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

Re:   *JAA Doe v. Portnow et al.*, Docket No. 1:24-cv-00345 (AT)

Dear Judge Torres:

We write, pursuant to this Court's Individual Rules of Practice Rule III(A)(ii), in response to Defendant Neil Portnow's pre-motion letter for an order directing Plaintiff to amend the caption to include her true name. Plaintiff does not consent to Portnow's request.

As the Court is aware, this matter was removed from New York State Supreme Court. In the original venue selected by Plaintiff, Plaintiff filed an application to proceed under a pseudonym and it was approved.[1] Allowing plaintiffs to use a

---

[1] The state court signed the Order to Show Cause allowing Plaintiff one day to serve Defendants. Despite this ambitious deadline, Plaintiff served the Recording Academy and attempted service at Portnow's home, where the process server was told he does not reside. The Recording Academy did not oppose Plaintiff's application. Portnow should not be able to use his evasion of service as both a sword and a shield. He was well-aware of the lawsuit almost two months prior to anonymity being granted and failed to take any action to either contest Plaintiff's application or seek reconsideration after it was granted. *See* November 8, 2023, Entertainment Weekly Article available at https://ew.com/music/ex-grammys-ceo-neil-portnow-formally-accused-of-rape-in-new-lawsuit/ (last accessed on May 1, 2024) (includes comments on lawsuit from Portnow's representatives). Plaintiff attempted service on Defendant Portnow six times at two addresses before learning that he had retained attorneys. Only then was service accomplished through counsel in January 2024.

ATTORNEYS

JEFFREY R. ANDERSON
Minnesota / Wisconsin
Illinois / Colorado
New York / Pennsylvania
New Jersey

MICHAEL FINNEGAN
Minnesota / Wisconsin
California / New York

MIKE RECK
California / New York
Texas / Pennsylvania

ELIN LINDSTROM
Minnesota / Wisconsin
New York

TRUSHA GOFFE
Minnesota
Washington DC
New Jersey / New York

PATRICK STONEKING
Minnesota / Wisconsin
New York / North Dakota

JOSH PECK
Minnesota

MOLLY BURKE
Minnesota

JENNIFER STEIN
California

NAHID SHAIKH
New York / New Jersey

TAYLOR STIPPEL SLOAN
Minnesota / New York

STACEY BENSON
Minnesota / New York

NEDA LOTFI
California

SAM COLICH
Minnesota

CLAYTON HINRICHS
Minnesota

JACK BOYD
New Jersey / Missouri
New York

ALEXIS REDD
New York / New Jersey

RENEE CASTAGNA
California

KARIN LANG
California

PARKER ESTENSON
California

-1-

OFFICE 651.227.9990 / FAX: 651.297.6543 / WWW.ANDERSONADVOCATES.COM / MAIN OFFICE 366 JACKSON STREET, SUITE 100 / ST. PAUL MN 55101
OFFICE LOCATIONS: Minnesota / California / Illinois / New York

pseudonym has become an accepted practice for sexual assault victims in New York state court. *See Doe v. Lewis*, 2023 WL 4305005 (Sup. Ct. N.Y. Cnty. June 26, 2023); *ARK31 Doe v. Archdiocese of New York*, 2019 N.Y. Slip Op. 33350[U], 2019 WL 5858094 (Sup. Ct. N.Y. Cnty. 2019); *ARK1 Doe v. Archdiocese of New York, et al.*, Index No. 950035/2019 (Sup. Ct. N.Y. Cnty. Oct. 8, 2019); *Doe v. N.Y.U.*, 786 N.Y.S.2d 892, 904 (Sup. Ct. N.Y. Cnty. 2004). Contrary to Defendant's assertions, the State Court decision is not only persuasive, but it is the law of the case. *See Collins v. Indart-Etienne*, 59 Misc. 1026 (Sup. Ct. Kings Cnty. 2018).

Should the Court consider the remainder of Defendant's argument, Plaintiff should still be allowed to continue her case under a pseudonym. Courts permit parties to proceed pseudonymously where special circumstances warrant anonymity. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438-39 (S.D.N.Y. 1988). This Court and others in the district have recognized that anonymity is appropriate in cases involving sexual assault. *Doe v. Cruz*, 2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006).

In determining whether Plaintiff should be afforded public anonymity, courts consider the facts of each particular case and balance several factors, including but not limited to:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms ...; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ...; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are

2

any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations and quotations omitted). These factors weigh in Plaintiff's favor.

All ten factors weigh in favor of Plaintiff remaining as a Jane Doe. First, the premise of this litigation is the sexual assault of Plaintiff by this Defendant, a matter of the utmost sensitive and personal nature. As to the second, third, and fourth factors, public identification puts Plaintiff at risk of retaliatory harm, personally and professionally. As stated in Plaintiff's underlying application to use a pseudonym, Plaintiff "fears that disclosure of her identity will cause further emotional distress, embarrassment, and ridicule." *See JAA Doe v. Neil Portnow, et al.*, Index No. 952242/2023, Dkt. No. 1, Ex. B, Affirmation in Support of Order to Show Cause, ¶ 14 (Nov. 8, 2024).

As to factors five, eight, and nine, Plaintiff's suit does not challenge the actions of a government. Rather, it is a dispute between private citizens. At least one court has held that this factor weighs in favor of the plaintiff. *See ARK31 Doe v. Archdiocese of New York*, 2019 WL 5858094 (Sup. Ct. N.Y. Cnty. Nov. 8, 2019) ("this case has not been brought against a government entity, a factor this court believes would militate in favor of the public's right to know"). Moreover, the public's interest is furthered by affording Plaintiff anonymity. Forcing survivors of sexual violence to reveal their identities is counterproductive to the legislature's purpose and intent of in passing the Adult Survivors Act under which Plaintiff brings her claims. While there is a public interest in accountability for these types of harms, knowing Plaintiff's identity does nothing to further that interest. Indeed, it would serve the purpose of deterring survivors from bringing claims. Regarding the sixth and tenth factors, Defendant has not demonstrated sufficient prejudice or an alternative mechanism for protecting Plaintiff's confidentiality. Defendant argues that the very fact

3

of this lawsuit has prejudiced him. But this is not the first time Defendant Portnow has been publicly accused of sexually assaulting Plaintiff[2], and Defendant's representatives have chosen to wage its defense in the media.[3] The reality is that these allegations remain public whether Plaintiff's name is or is not. For these reasons, Defendant has not satisfied its burden. Further, Defendant simply ignores the tenth factor, likely because he has no argument to support his position. There is no alternative mechanism for protecting the confidentiality of Plaintiff if she is forced to amend the complaint caption to include her name. She would be left with no recourse to protect her confidentiality.

Finally, as to the seventh factor, Plaintiff's identity has been protected from public disclosure thus far. While it is true that Defendants have been made aware of the identity, as is their right, this hardly equates to public disclosure, as Defendant suggests. Plaintiff has not widely disclosed what happened to her, for the same fears of stigma and emotional distress, that form the basis for her request of anonymity in this public proceeding.

For these reasons, Plaintiff does not consent to the relief requested by Defendant. Thank you for your time and consideration.

Respectfully yours,

*[signature: Jeffrey R. Anderson]*

Jeffrey R. Anderson
jeff@andersonadvocates.com

JA:sc

---

[2] Deborah Duggan, ex-CEO of Defendant Recording Academy filed an EEOC complaint against the Recording Academy in 2020. In that complaint, Duggan alleges that Portnow sexually assaulted "a female recording artist," referring to Plaintiff without disclosing her identity. Portnow responded to those allegations in the media. https://variety.com/2020/music/news/deborah-dugan-lawsuit-grammy-recording-academy-1203474490/ (last accessed May 1, 2024).
[3] https://apnews.com/article/portnow-grammys-sexual-assault-recording-academy-17c23cc93acb1a5cebf4392956aca494 (last accessed May 1, 2024)

4

**Extremely Urgent**

Visit UPS.com®

Apply shipping documents



MIMI
418B18088
IAA DOE
3 WOLGOGANGOL-GIL, UIDANG-MYEO
GONGJU 32518
KOREA, SOUTH

SHIP TO:
PRO SE INTAKE UNIT
212-805-0175
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK NY 10007
UNITED STATES

ENV 1 OF 1
SHP#: 7LRT 1033 9C4
DATE: 07 MAY 2024

NY 102 9-10

UPS EXPRESS
TRACKING #: 1Z 7LR T10 66 0002 8612

EDI-DOC

BILLING: P/P
DESC: paper document

Thank you.



Serving you for more than 100 years
United Parcel Service.



010195101 04/14 TG Uni