

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 14, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

By ECF and Email

Honorable Analisa Torres, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re: *Doe v. Portnow, et al.*; Civil Action No. 1:24-cv-00345 (AT)

Dear Judge Torres:

We represent Defendant National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy") in the above-referenced matter and write in response to Plaintiff JAA Doe's Request for Voluntary Dismissal Without Prejudice (Dkt. 37) and this Court's Order to submit Defendant's position to that request by May 14, 2024 (Dkt. 43).

Under Federal Rules of Civil Procedure 41(a), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (2) a stipulation of dismissal signed by all parties who have appeared" and "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1); *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) ("A voluntary dismissal without prejudice 'vitiates and annuls all prior proceedings and orders in the case, and terminates jurisdiction over it for the reason that the case has become moot.'") (internal citation and brackets omitted).  The Recording Academy acknowledges that since it has not filed an answer – but instead filed a pre-motion letter seeking permission to file a motion to dismiss – that Rule 41(a)(1) applies to Plaintiff's request for dismissal without prejudice.

Notwithstanding, however, the Recording Academy believes that the equities of this matter favor dismissal of the claims against the Recording Academy <u>with</u> prejudice.  *See U.S. D.I.D. Corp.*, 775 F.3d at 134 (noting "[i]t is well established, however, that a federal court may consider collateral issues after an action is no longer pending [such as] grant an award of costs or attorney's fees or initiate contempt proceedings after a voluntary dismissal without prejudice") (*citing Cooter & Gell*, 496 U.S. 384, 395-96 (1990)).

More specifically, while Plaintiff JAA Doe filed suit for the first time in November 2023, she originally asserted the allegations underpinning her complaint years ago.  During that time, she has been represented by multiple attorneys all of whom (for reasons unknown to the Recording Academy) ceased representing Plaintiff; as the Court is aware, her current counsel in this action has filed a motion seeking to withdraw (Dkt. 38).  Plaintiff's repeated threats of litigation and

**Proskauer»**

Honorable Analisa Torres, U.S.D.J.
May 14, 2024
Page 2

ultimate filing of her lawsuit – which she has seemingly abandoned – has resulted in negative publicity for the Recording Academy as well as legal fees.

Additionally, on May 6, 2024, the Recording Academy filed its pre-motion letter (Dkt. 36) seeking permission to file a motion to dismiss the two claims asserted by Plaintiff against it for negligent hiring, supervision, and retention and under the Gender Motivated Violence Act ("GMVA").[1] That letter set forth the numerous deficiencies with respect to both claims which the Recording Academy strongly believes would have resulted in its motion to dismiss being granted and dismissal of all of the claims against it but for Plaintiff having sought voluntary dismissal last week. The Recording Academy is entitled to finality with regard to Plaintiff's false allegations against it.

For these reasons, the Recording Academy respectfully requests that the Court dismiss Plaintiff's claims for negligent hiring, supervision, and retention and under the GMVA, in their entirety, against the Recording Academy with prejudice.[2]

Respectfully submitted,


/s/ Elise M. Bloom

Elise M. Bloom

cc:     All Counsel of Record (by ECF)
        Plaintiff JAA Doe (via email)

---

[1] Pursuant to Rule III.B of this Court's Individual Rules, the Recording Academy first served a letter on Plaintiff on April 18, 2024 identifying the deficiencies within Plaintiff's Complaint and Plaintiff subsequently filed an Amended Complaint on April 25, 2024 (Dkt. 34). The amendments did not resolve the deficiencies noted in the Recording Academy's April 18, 2024 letter and therefore, the Recording Academy submitted its May 6, 2024 pre-motion letter to this Court.

[2] The Recording Academy notes that in the Amended Complaint, in addition to the claims asserted against the Recording Academy, Plaintiff asserted a sexual assault claim against Defendant Portnow only; she also asserted a claim under the GMVA against Portnow.