UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/17/2024
```

JAA DOE,

              Plaintiff,

-against-

NEIL PORTNOW; NATIONAL ACADEMY OF
RECORDING ARTS & SCIENCES, INC.; and
DOES 1-5 whose identities are unknown to
Plaintiff,

              Defendants.

24 Civ. 345 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, JAA Doe, brings this action against Defendants, Neil Portnow, National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy"), and Does 1-5, alleging that Portnow sexually assaulted her in 2018. *See* Compl., ECF No. 1-13. By letter dated May 4, 2024, Plaintiff sought to voluntarily dismiss her case without prejudice and, on May 12, 2024, filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF Nos. 37, 48. By separate letters dated May 14, 2024, Portnow, who has filed an answer, and the Recording Academy, which has not, request that the Court dismiss the case with prejudice. ECF Nos. 52–53. For the foregoing reasons, Defendants' requests are DENIED.

    **I.**    **The Recording Academy's Request**

    A "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice states otherwise, the dismissal is without prejudice.[1] *Id.* R. 41(a)(1)(B). The Recording Academy, which has not filed an answer, concedes that it cannot bar Plaintiff from dismissing the claim against it without prejudice. ECF No. 53 at 1.

    **II.**    **Portnow's Request**

        A. **Legal Standard**

    If a defendant has filed an answer or motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear, Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant

---

[1] If the plaintiff "previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits," Fed. R. Civ. P. 41(a)(1)(B), but the Recording Academy does not argue that that is the case here.

to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) (citation omitted).

To examine prejudice to the defendants, courts in this Circuit utilize two tests. First, they inquire into whether the defendant would suffer some "plain legal prejudice other than the mere prospect of a second lawsuit," *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006), such as where the defendant, on the pleadings, "seek[s] affirmative relief" in the same action. *Carbajal v. Miller Bros. Landscape Maint., LLC*, No. 18 Civ. 7070, 2020 WL 578822, at *4 (E.D.N.Y. Jan. 3, 2020).

Second, courts examine the factors set forth in *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990). These include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Id.* at 14.

B. Discussion

Because Portnow has filed an answer, Plaintiff is only entitled to dismiss the claim against him pursuant to a court order under Rule 41(a)(2).

Under the first test, the Court finds that Portnow will not suffer "plain legal prejudice" from a dismissal. *Camilli*, 436 F.3d at 123. Portnow has not asserted any counterclaim against Plaintiff. *See* Answer, ECF No. 32. And, "starting a litigation all over again does not constitute legal prejudice." *Paulino*, 320 F.R.D. at 109.

The Court next turns to the five *Zagano* factors. First, Plaintiff has been diligent in bringing the motion, as she filed the motion three days after her attorney told her he intended to withdraw. *See* ECF No. 37; *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) (finding plaintiff diligent when it acted "within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action").

Second, Plaintiff has not acted with undue vexatiousness. Portnow claims that Plaintiff is engaging in "harassing behavior," pointing to a "sampling of [text] messages" between Plaintiff and Portnow from 2018—the time period around the alleged assault—as well as the "withdrawal or declination of now five attorneys to pursue this litigation." ECF No. 52 at 3–5. But, Portnow's one-sided characterization of the events at issue precedes discovery, and Portnow has not offered evidence that the litigation itself was filed with an "ill motive." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *5 (S.D.N.Y. Nov. 30, 2006). For example, Plaintiff has not "filed duplicative actions relating to the same injury" or "assured the court [she] would proceed with [her] claims" before reneging. *Id*. Therefore, this factor also weighs in Plaintiff's favor.[2]

The remaining factors also weigh against Portnow. The suit is still in its infancy, as neither party has filed any dispositive motions, and discovery has not yet begun. "Where cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for

---

[2] Should Plaintiff bring a similar lawsuit in the future that Portnow contends is meritless, Portnow has "curative remedies . . . including sanctions" at his disposal. *Carbajal*, 2020 WL 578822, at *4.

defendants." *Carbajal*, 2020 WL 578822, at *6 (citation omitted).  And, Plaintiff's explanation is adequate, as her attorney seeks to withdraw and she does not wish to proceed *pro se*.  ECF No. 37 at 1–2.

### III.     Conclusion

For the foregoing reasons, Defendants' requests to dismiss this action with prejudice are DENIED.  The action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and 41(a)(2).  The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: May 17, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge