**JAA Doe, The Plaintiff**
Case No.: 1:24-cv-00345 AT (Federal),
952242/2023 (NYS Supreme Court)
99 Walls Street #5789
New York, NY 10005
Phone: 631-980-2205
janedoesongs977@gmail.com

To:
<u>VIA Email</u>
**Office of Court Administration**
25 Beaver Street
New York, NY 10004
Phone: 1800-268-7869
question@nycourts.gov
emergency@nycourts.gov

**NYS Unified Court System – NYC Office**
Office of Court Administration
111 Centre Street
New York, NY 10013
Phone: 1800-268-7869
question@nycourts.gov
emergency@nycourts.gov

CC:
<u>VIA Email</u>   *Pro Se*
**Honorable Analisa Torres**
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

**June 2, 2024**

**Re:Urgent Matter Regarding Unauthorized Case Closing Statement**

**Docket: Doe v. Portnow, et al., 24 Civ. 345 (AT)**

(11/08/2023 Supreme Court, New York County, Index No. 952242/2023.
1/17/2024 Removed to Federal Southern District of New York, Case No. 1:24-cv-00345-AT)

Dear Sir/Madam,

I trust this message finds you in good health. I commend your commitment to maintaining justice and fairness within our legal system. I am writing to address an urgent matter related to my recent legal case, initially filed in the New York state court and subsequently removed to the Federal Southern District court.

## 1. Unauthorized Submission

As the plaintiff, I voluntarily dismissed my case without prejudice, granting me the option to refile if necessary. Despite this dismissal granted on May 17, 2024, and my subsequent termination of communication with my attorney after their resignation on May 1st, my former attorney submitted a **Case Closing Statement to the Office of Court Administration (OCA) on May 22, 2024**, without my knowledge or consent. I was neither informed of this submission nor provided an opportunity to review its contents. Such unauthorized actions breach confidentiality and disrupt communication norms within legal practice. Even administrative matters should be handled with care to protect my rights. This premature submission misrepresents the status of my case and threatens my legal autonomy, exacerbating my emotional distress.

## 2. Request for Urgent Assistance

Given the traumatic events I have endured, including fears of retaliation and uncertainties, my health and safety are now paramount. I urgently seek resolution and guidance from the OCA to address the following:

1) Verification of the Case Closing Statement submitted to the OCA on May 22, 2024, along with confirmation of its receipt.
2) Withdrawal of the unauthorized case closing statement.
3) Removal of the resigned attorneys' records from the court files.
4) Direct notification to me regarding any case-related matters.
5) No further contact by my former attorney.
6) An official acknowledgment of the corrected case status.
7) Transparency and an expedited resolution to prevent further harm to my rights and alleviate my distress.

**3. Previous Actions Taken**

Prior to writing this letter, I contacted the OCA via email (question@nycourts.gov, emergency@nycourts.gov) on May 24. Additionally, I spoke with the OCA by phone, and they directed me to the clerk's office. There, I discovered that my former attorney's records were still associated with my case. The clerk advised me to seek assistance from Pro Se, which led to some confusion. On May 29th, the Pro Se office encouraged me to submit the Pro Se notice of appearance form to remove the attorney's records and also guided me to send a letter to the judge.

Enclosed, please find a copy of the letter I previously sent to Judge Honorable Analisa Torres for your reference. I am fully committed to cooperating with any necessary investigation or review to resolve this issue promptly.

**In Conclusion**

I urgently request the withdrawal of the unauthorized case closure statement submitted to the OCA and the removal of my resigned attorney's records from the court files. The OCA should communicate directly with me regarding any case-related matters, bypassing my former attorney or any third parties. As I prioritize my safety and well-being, I seek resolution while maintaining distance from these traumatic events. Your prompt attention to this matter would be greatly appreciated.

Thank you for your dedication to upholding justice and fairness.

Enclosures:
- Copies of relevant correspondence

*Contact Information:
JAA Doe, The Plaintiff
99 Walls Street #5789,
New York, NY 10005,
Phone: 631-980-2205
janedoesongs977@gmail.com

 - Please feel free to reach out to me via email or phone if further information is needed, my well-being and peace of mind are critical during this challenging time.

Sincerely,

s/JAA Doe
JAA Doe

JAA Doe, The Plaintiff
Case No.: 1:24-cv-00345 AT
99 Walls Street #5789
631-980-2205


<u>VIA Email</u>  *Pro Se*
Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov


**May 29th, 2024**


**Re:Request for Withdrawal and Removal of Resigned Attorney:
Ensuring Rights and Well-Being**


**Docket: Doe v. Portnow, et al., 24 Civ. 345 (AT)**


Dear Judge Torres,

I hope this message finds you well. First and foremost, I would like to express my sincere gratitude for the court's approval of my voluntary dismissal without prejudice. Your consideration of my case has not gone unnoticed, and I appreciate the time and attention you have dedicated to this matter.

I am writing urgently to address a critical matter related to my recent case in your honorable court. As a plaintiff, JAA Doe without legal representation, I seek your assistance in rectifying an unauthorized action that occurred after the dismissal. My primary concerns are ensuring my rights, maintaining my independence, and safeguarding my well-being.


**Erratic Resignations and Representations**

Despite my former attorney's official resignation on May 1[1] continued legal proceedings caused distress and confusion. Notably, in the morning of May 17th,[2] I received a letter from my attorney stating, *"Until*

---

[1] Exhibit A, first resignation letter, May 1
[2] Exhibit B, representation letter, May 17

*the Court gives us permission, we are still your lawyers."* titled '*Your inquiry of potential representation*' which I never inquired about his potential representation, this was followed by discouraging remarks about filing additional letters with the Court and the expected delay in results. A Few hours later, the court ordered case dismissal without prejudice. I received the 2nd resignation letter on May 17 afternoon after dismal approval.[3] These actions left me feeling confused and tormented again.

**Unauthorized submission Case Close Statement to OCA[4]**

Although I had already severed communication with my attorney after May 1st, he sent me a second resignation letter on May 17th. However, on May 22nd, Mr. Anderson submitted the Case Closure Statement to the Office of Court Administration (OCA) in New York without my knowledge or consent. He claimed it was required. I was not given an opportunity to review the contents of the submission. Such an unauthorized submission causes a serious **breach of confidentiality and communication** in legal practice. Even administrative matters should be handled with care to protect my rights.

**Request for Withdrawal of Unauthorized Submission**

I respectfully request the withdrawal of the unauthorized **Case Closing Statement** submission to the OCA that he submitted without my knowledge or my consent. This unauthorized submission deprived me of my agency, eroded my autonomy, and violated my rights. As an individual with autonomy, I am willing to submit the correct information myself in accordance with court rules. The unauthorized actions and attempts to maintain control are concerning, and his actions jeopardized my safety and confidentiality. I urgently request the withdrawal of the unauthorized case closure statement submission to the OCA.

**Request for Removal of Resigned Attorney**

I urgently request the removal of Mr. Anderson from my case records. His actions compromised my trust and well-being. I want no ties to him or his law firm. As well as, I want my independence from potential engagement in Mr. Anderson's other lawsuits, cases, or whatsoever. Given his erratic behavior, I cannot risk any association with him. Please ensure that all court notifications are sent directly to me for safety.

**OCA[5] and Pro Se guides**

I promptly contacted the OCA to address the unauthorized submission on May 24. The OCA directed me to the clerk's office, where I learned that my former attorney's records were still associated with my case. To remove the former attorney's records and withdraw unauthorized case closing statement submission, the clerk then advised me to seek help from Pro Se on May 29, leading to a misunderstanding. Although the Pro Se office urged me to submit the Pro Se notice of appearance form to remove the attorney's records, also, he guided me to send a letter to the judge.

---

[3] Exhibit C, 2nd resignation letter, May 17
[4] Exhibit D, Unauthorized case closing statement, May 22
[5] Exhibit E, OCA Contact, May 24

**Emotional Distress**

As the plaintiff, I voluntarily dismissed my case without prejudice, allowing me the option to refile in the future. Consequently, my former attorney's authority to act on my behalf ceased upon dismissal. However, the frustration resulting from my former attorney's erratic representation, resignation and the unauthorized actions even after dismissal has taken a toll on my emotional health.

**Urgent Request**

Given the circumstances, I urgently request your attention to this matter to resolve the issue. Although I am currently unable to take further legal action due to my health condition, I trust that the court will take appropriate steps to address this situation promptly.

**In Conclusion**

After the dismissal, I diligently sought to verify my case status and understand the closing statement. I seek resolution to protect my rights while maintaining distance from these traumatic events. Enclosed, please find copies of relevant correspondence with my former attorney and the Office of Court Administration department. I am committed to cooperating fully with any investigation or review necessary to resolve this issue.

I sincerely appreciate your dedication to upholding justice and fairness within the legal system. Your attention to this matter reinforces my commitment to seeking a just resolution. As a survivor seeking justice, I am committed to upholding the integrity of the legal system. If necessary, I am available to discuss this further.

Thank you for your time and consideration.

Sincerely,

s/JAA Doe
JAA Doe

Enclosures:
- Copies of relevant correspondence

# EXHIBIT A

`

## JEFF ANDERSON & ASSOCIATES PA

### REACHING ACROSS TIME FOR JUSTICE

May 1, 2024

**SENT VIA EMAIL**

Re: Notice to Withdraw from Representation



  Since your case has been filed, our withdrawal as counsel will require either a motion in Federal Court or a substitution of a new attorney. We believe that the best route would be for you to find a new attorney so that we can facilitate a transfer of representation without the Court being involved. If we have to file a motion, it will be something that Portnow and the Recording Academy and their lawyers will see and could potentially use against you in your case. If we do not hear from another lawyer on your behalf within 30 days, we will file a motion with the Court requesting that we be relieved as your attorneys, which under the Court rules requires the Court to grant permission on our motion.

**ATTORNEYS**

**JEFFREY R. ANDERSON**
*Minnesota / Wisconsin*
*Illinois / Colorado*
*New York / Pennsylvania*
*New Jersey*

**MICHAEL FINNEGAN**
*Minnesota / Wisconsin*
*California / New York*

**MIKE RECK**
*California / New York*
*Texas / Pennsylvania*

**ELIN LINDSTROM**
*Minnesota / Wisconsin*
*New York*

**TRUSHA GOFFE**
*Minnesota*
*Washington DC*
*New Jersey / New York*

**PATRICK STONEKING**
*Minnesota / Wisconsin*
*New York / North Dakota*

**JOSH PECK**
*Minnesota*

**MOLLY BURKE**
*Minnesota*

**JENNIFER STEIN**
*California*

**NAHID SHAIKH**
*New York / New Jersey*

**TAYLOR STIPPEL SLOAN**
*Minnesota / New York*

**STACEY BENSON**
*Minnesota / New York*

**NEDA LOTFI**
*California*

**SAM COLICH**
*Minnesota*

**CLAYTON HINRICHS**
*Minnesota*

**JACK BOYD**
*New Jersey / Missouri*
*New York*

**ALEXIS REDD**
*New York / New Jersey*

**RENEE CASTAGNA**
*California*

**KARIN LANG**
*California*

**PARKER ESTENSON**
*California*

Page Two
May 1, 2024

      We are deeply sorry that it has come to this, but we are simply no longer able to assist you given recent communications. We will provide you with a copy of the motion should it become necessary.

Sincerely,

*Jeffrey R Anderson*

Jeffrey R. Anderson
jeff@andersonadvocates.com

# EXHIBIT B

JEFF ANDERSON & ASSOCIATES PA

REACHING ACROSS TIME FOR JUSTICE

May 17, 2024

SENT VIA EMAIL

██████████████████████████████████

Re:      Your Inquiry Regarding Potential Legal Representation

██████████████████████████████████

We have received copies of the various letters that you have filed with the Court and write to you to provide insight on the current status of the case.



The next step is for the Court to decide. Now that the Court has heard from you, and each of the defendants, the judge will tell us what will happen next. We recognize that you want this dealt with immediately, but please know that filing multiple additional letters with the Court uninvited is discouraged, as it may be seen by the Court as unwelcome and could prejudice your case, and you, publicly.

ATTORNEYS

JEFFREY R. ANDERSON
Minnesota / Wisconsin
Illinois / Colorado
New York / Pennsylvania
New Jersey

MICHAEL FINNEGAN
Minnesota / Wisconsin
California / New York

MIKE RECK
California / New York
Texas / Pennsylvania

ELIN LINDSTROM
Minnesota / Wisconsin
New York

TRUSHA GOFFE
Minnesota
Washington DC
New Jersey / New York

PATRICK STONEKING
Minnesota / Wisconsin
New York / North Dakota

JOSH PECK
Minnesota

MOLLY BURKE
Minnesota

JENNIFER STEIN
California

NAHID SHAIKH
New York / New Jersey

TAYLOR STIPPEL SLOAN
Minnesota / New York

STACEY BENSON
Minnesota / New York

NEDA LOTFI
California

SAM COLICH
Minnesota

CLAYTON HINRICHS
Minnesota

JACK BOYD
New Jersey / Missouri
New York

ALEXIS REDD
New York / New Jersey

RENEE CASTAGNA
California

KARIN LANG
California

PARKER ESTENSON
California

Page Two
May 16, 2024

It is not unusual for the Court to take weeks or even months to review a request in an individual case, as they are dealing with many cases and commitments. Until the court has relieved us of our duties  to you as your lawyers, we will continue to do everything possible for you to get time to hire other counsel.

Sincerely,

Jeff Anderson
jeff@andersonadvocates.com

JA:sq

# EXHIBIT C

# JEFF ANDERSON & ASSOCIATES PA

### REACHING ACROSS TIME FOR JUSTICE

**ATTORNEYS**

**JEFFREY R. ANDERSON**
*Minnesota / Wisconsin*
*Illinois / Colorado*
*New York / Pennsylvania*
*New Jersey*

**MICHAEL FINNEGAN**
*Minnesota / Wisconsin*
*California / New York*

**MIKE RECK**
*California / New York*
*Texas / Pennsylvania*

**ELIN LINDSTROM**
*Minnesota / Wisconsin*
*New York*

**TRUSHA GOFFE**
*Minnesota*
*Washington DC*
*New Jersey / New York*

**PATRICK STONEKING**
*Minnesota / Wisconsin*
*New York / North Dakota*

**JOSH PECK**
*Minnesota*

**MOLLY BURKE**
*Minnesota*

**JENNIFER STEIN**
*California*

**NAHID SHAIKH**
*New York / New Jersey*

**TAYLOR STIPPEL SLOAN**
*Minnesota / New York*

**STACEY BENSON**
*Minnesota / New York*

**NEDA LOTFI**
*California*

**SAM COLICH**
*Minnesota*

**CLAYTON HINRICHS**
*Minnesota*

**JACK BOYD**
*New Jersey / Missouri*
*New York*

**ALEXIS REDD**
*New York / New Jersey*

**RENEE CASTAGNA**
*California*

**KARIN LANG**
*California*

**PARKER ESTENSON**
*California*

May 17, 2024

*SENT VIA EMAIL*

██████████████████████████████

Re:     Your Case

██████████████████████████████

Enclosed please find a copy of the Court's Order dismissing your case without prejudice and closing the case. Now that the case has reached its conclusion, this letter also memorializes that Jeff Anderson & Associates no longer represents you and will not be taking any further action on your behalf.

Please keep in mind that a statute of limitations may apply to any claim that you have. In other words, do not delay in seeking the advice of another attorney if you choose to pursue these claims.

We wish you the very best for your future.

Very Truly Yours,

*Jeffrey R. Anderson*

Jeffrey R. Anderson

JRA:sc
Encls.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAA DOE,

                           Plaintiff,

           -against-

NEIL PORTNOW; NATIONAL ACADEMY OF
RECORDING ARTS & SCIENCES, INC.; and
DOES 1-5 whose identities are unknown to
Plaintiff,

                         Defendants.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _05/17/2024_

24 Civ. 345 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, JAA Doe, brings this action against Defendants, Neil Portnow, National Academy of Recording Arts & Sciences, Inc. (the "Recording Academy"), and Does 1-5, alleging that Portnow sexually assaulted her in 2018. *See* Compl., ECF No. 1-13. By letter dated May 4, 2024, Plaintiff sought to voluntarily dismiss her case without prejudice and, on May 12, 2024, filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF Nos. 37, 48. By separate letters dated May 14, 2024, Portnow, who has filed an answer, and the Recording Academy, which has not, request that the Court dismiss the case with prejudice. ECF Nos. 52–53. For the foregoing reasons, Defendants' requests are DENIED.

## I.    The Recording Academy's Request

A "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice states otherwise, the dismissal is without prejudice.[1] *Id.* R. 41(a)(1)(B). The Recording Academy, which has not filed an answer, concedes that it cannot bar Plaintiff from dismissing the claim against it without prejudice. ECF No. 53 at 1.

## II.    Portnow's Request

### A.  Legal Standard

If a defendant has filed an answer or motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear, Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant

---

[1] If the plaintiff "previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits," Fed. R. Civ. P. 41(a)(1)(B), but the Recording Academy does not argue that that is the case here.

to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) (citation omitted).

To examine prejudice to the defendants, courts in this Circuit utilize two tests. First, they inquire into whether the defendant would suffer some "plain legal prejudice other than the mere prospect of a second lawsuit," *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006), such as where the defendant, on the pleadings, "seek[s] affirmative relief" in the same action. *Carbajal v. Miller Bros. Landscape Maint., LLC*, No. 18 Civ. 7070, 2020 WL 578822, at \*4 (E.D.N.Y. Jan. 3, 2020).

Second, courts examine the factors set forth in *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990). These include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Id.* at 14.

B.  Discussion

Because Portnow has filed an answer, Plaintiff is only entitled to dismiss the claim against him pursuant to a court order under Rule 41(a)(2).

Under the first test, the Court finds that Portnow will not suffer "plain legal prejudice" from a dismissal. *Camilli*, 436 F.3d at 123. Portnow has not asserted any counterclaim against Plaintiff. *See* Answer, ECF No. 32. And, "starting a litigation all over again does not constitute legal prejudice." *Paulino*, 320 F.R.D. at 109.

The Court next turns to the five *Zagano* factors. First, Plaintiff has been diligent in bringing the motion, as she filed the motion three days after her attorney told her he intended to withdraw. *See* ECF No. 37; *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at \*4 (E.D.N.Y. May 3, 2012) (finding plaintiff diligent when it acted "within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action").

Second, Plaintiff has not acted with undue vexatiousness. Portnow claims that Plaintiff is engaging in "harassing behavior," pointing to a "sampling of [text] messages" between Plaintiff and Portnow from 2018—the time period around the alleged assault—as well as the "withdrawal or declination of now five attorneys to pursue this litigation." ECF No. 52 at 3–5. But, Portnow's one-sided characterization of the events at issue precedes discovery, and Portnow has not offered evidence that the litigation itself was filed with an "ill motive." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at \*5 (S.D.N.Y. Nov. 30, 2006). For example, Plaintiff has not "filed duplicative actions relating to the same injury" or "assured the court [she] would proceed with [her] claims" before reneging. *Id.* Therefore, this factor also weighs in Plaintiff's favor.[2]

The remaining factors also weigh against Portnow. The suit is still in its infancy, as neither party has filed any dispositive motions, and discovery has not yet begun. "Where cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for

---

[2] Should Plaintiff bring a similar lawsuit in the future that Portnow contends is meritless, Portnow has "curative remedies . . . including sanctions" at his disposal. *Carbajal*, 2020 WL 578822, at \*4.

defendants." *Carbajal*, 2020 WL 578822, at *6 (citation omitted).  And, Plaintiff's explanation is adequate, as her attorney seeks to withdraw and she does not wish to proceed *pro se*.  ECF No. 37 at 1–2.

**III.**   <u>**Conclusion**</u>

For the foregoing reasons, Defendants' requests to dismiss this action with prejudice are DENIED.  The action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and 41(a)(2).  The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: May 17, 2024
       New York, New York

ANALISA TORRES
United States District Judge

# EXHIBIT D

**JEFF ANDERSON & ASSOCIATES PA**

REACHING ACROSS TIME FOR JUSTICE

May 22, 2024

*SENT VIA EMAIL*

███████████████████████████████████████████

Re:     Closing File

███████████████████████████████████████████

Enclosed is a copy of a Closing Statement that we are required to submit to the Office of Court Administration of the State of New York after a case is closed.  This is a confidential form and will not be made public.  We are closing your file with our office and will no longer be representing you or taking any further action on your behalf.

We wish you all the best.

Very Truly Yours,

*Jeffrey R Anderson*

Jeffrey R. Anderson

JRA:sc
Encls.

**ATTORNEYS**

**JEFFREY R. ANDERSON**
*Minnesota / Wisconsin
Illinois / Colorado
New York / Pennsylvania
New Jersey*

**MICHAEL FINNEGAN**
*Minnesota / Wisconsin
California / New York*

**MIKE RECK**
*California / New York
Texas / Pennsylvania*

**ELIN LINDSTROM**
*Minnesota / Wisconsin
New York*

**TRUSHA GOFFE**
*Minnesota
Washington DC
New Jersey / New York*

**PATRICK STONEKING**
*Minnesota / Wisconsin
New York / North Dakota*

**JOSH PECK**
*Minnesota*

**MOLLY BURKE**
*Minnesota*

**JENNIFER STEIN**
*California*

**NAHID SHAIKH**
*New York / New Jersey*

**TAYLOR STIPPEL SLOAN**
*Minnesota / New York*

**STACEY BENSON**
*Minnesota / New York*

**NEDA LOTFI**
*California*

**SAM COLICH**
*Minnesota*

**CLAYTON HINRICHS**
*Minnesota*

**JACK BOYD**
*New Jersey / Missouri
New York*

**ALEXIS REDD**
*New York / New Jersey*

**RENEE CASTAGNA**
*California*

**KARIN LANG**
*California*

**PARKER ESTENSON**
*California*

**CLOSING STATEMENT**

TO: OFFICE OF COURT ADMINISTRATION-Statements
PO Box 2016
New York, NY 10008

[redacted]



[redacted]

TRUSHA GOFFE, Esq.
Jeff Anderson & Associates, PA
363 7th Avenue, 12th Floor
New York, NY 10001
(646) 759-2551

Dated: May 22, 2024

# EXHIBIT E

 **JAA Doe <janedoesongs977@gmail.com>**

---

## About the case No. 1:24-cv-00345 (NY Federal)

---

**JAA Doe** <janedoesongs977@gmail.com>                         Fri, May 24, 2024 at 5:37 PM
To: emergency@nycourts.gov, question@nycourts.gov

Dear Sir or Madam,

Thank you for your email.

I am a Jane Doe, plaintiff.

2 days ago, my resigned attorney submitted case closing statement without my consent and knowledge.

████████████████████████████████████████████████████████

Please let me know how to deal with this situation and the case closing statement. He has no right to submit the statement.

I urgently requdst your reponse as soon as possible.

Besr wishes,
J,